DOCKETED ON CM
MAY - 1 2006
BY MG 009

**LINKS: 20, 27**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-3459 GAF (CTx) | Date | April 27, 2006 |
| Title | Claude Cassirer v. The Kingdom of Spain, et al. | | |

Present: The Honorable **GARY ALLEN FEESS**

| Marilynn Morris | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings: (In Chambers)**

**ORDER RE: REQUEST FOR JURISDICTIONAL DISCOVERY**

In this suit, Plaintiff Claude Cassirer seeks to recover from a Spanish museum a painting by the French impressionist Camille Pissaro that his grandmother, Lilly Cassirer Neubauer, formerly owned and that was allegedly unlawfully expropriated by the Nazi regime as a condition to providing her with exit visas to leave Germany. The painting is now in the possession of the Thyssen-Bornemisza Museum in Madrid, Spain (the "Museum"), which is operated by Defendant Thyssen-Bornemisza Collection Foundation (the "Foundation"), an alleged instrumentality of the Kingdom of Spain ("Spain").

The case presents serious questions regarding this Court's personal jurisdiction over the defendants and its subject matter jurisdiction over the dispute between Plaintiff and the Spanish museum. Defendants contend that, under the Foreign Sovereign Immunities Act ("FSIA"), Plaintiff cannot pursue his claim in United States District Court, and moves for dismissal under that statute. Plaintiff contends that the Court has jurisdiction over the dispute under the "expropriation exception," 28 U.S.C. § 1605(a)(3), which provides in pertinent part that a foreign state or instrumentality is not immune from jurisdiction in a case

> in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.

37

**LINKS: 20, 27**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-3459 GAF (CTx) Date April 27, 2006

Title Claude Cassirer v. The Kingdom of Spain, et al.

28 U.S.C. § 1605(a)(3). Plaintiff has asked the Court to permit immediate discovery to determine whether the "commercial activity" element of the exception is satisfied in order to respond to Defendants' motion to dismiss. The Court, however, observed in an earlier order that it needed further briefing on the "violation of international law" language of the exception before ruling on the discovery request. The Court asked the parties to brief the following issue:

> Whether under the expropriation exception to the Foreign Sovereign Immunities Act, Section 1605(a)(3), the "in violation of international law" element of the exception is met where a foreign sovereign defendant has, through a purchase through legitimate channels, acquired property that was earlier expropriated by another country in violation of international law.

(4/4/2006 Order re: Supp. Briefing). The Court made the request because, if the "violation of international law" language required the museum to have obtained the painting illegally under international law, then the discovery request would be mooted since no one seems to claim that the museum or the Spanish government unlawfully expropriated the painting.

The Court has now received, read and considered the further briefing of the parties on this issue, and now concludes that the request for immediate jurisdictional discovery should be **GRANTED.** The Court reaches this decision for the following reasons:

(1) The plain language of the exception contains no indication that the sovereign in possession of the allegedly unlawfully expropriated property must be the entity that acted in violation of international law. As Plaintiff notes, the statute reads "taken in violation of international law," not "taken in violation of international law by the foreign state." The Court concludes that this language is quite clear and adheres to the Ninth Circuit reluctance to "put words in Congress'[s] mouth" in determining this issue. See Gates v. Victor Fine Foods, 54 F.3d 1457, 1462 (9th Cir. 1995).

(2) Defendants point to the entire statute and argue that the structure of the FSIA itself supports their argument that no jurisdiction should lie since each exception allowing for jurisdiction is based on affirmative acts taken ***by*** the foreign sovereign defendant. E.g., 28 U.S.C. §§ 1605(a)(1), (2), (5) and (6). Based on that premise, Defendants argue that such a limitation should also apply to the expropriation exception. The Court, however, believes that this argument actually supports Plaintiff's position. That is, the expropriation exception reads "taken in violation of international law," not "taken in violation of international law ***by the foreign state***." 28 U.S.C. § 1605(a)(3). The inclusion of "by the

LINKS: 20, 27

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-3459 GAF (CTx) Date April 27, 2006

Title Claude Cassirer v. The Kingdom of Spain, et al.

foreign state" in other exceptions, but its omission in the expropriation exception, suggests that Congress intended that the expropriation exception be broader than the others. See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 663 (9th Cir. 1988) ("Where Congress has carefully employed a term in one place and excluded it in another, it should not be implied where excluded."). The Court notes that the Ninth Circuit has repeatedly rejected efforts to read new language into the FSIA. See Phaneuf v. Republic of Indonesia, 106 F.3d 302, 308 (9th Cir. 1997) ("If Congress had intended the commercial activity exception to apply to an agent's acts committed without actual authority it could have so indicated in the language of the exception."); Gates, 54 F.3d at 1462 ("[O]ur reluctance to put words in Congress' mouth is especially justified here because Congress seemed exceedingly conscious of the distinction between foreign states, political subdivisions, and agencies or instrumentalities of foreign states and political subdivisions. It could easily have stated that an entity must be owned by a foreign state."). Thus, the fact that the limiting language of "the foreign state" appears in some parts of the FSIA but not within the "international law" phrase of the expropriation exception, supports the conclusion that the phrase was intentionally omitted.

(3) Finally, other decisions in this District addressing this precise question have reached the same conclusion reached by this Court. See Altmann v. Republic of Austria, 142 F. Supp. 2d 1187, 1202 (C.D. Cal. 2001), aff'd, 317 F.3d 954 (9th Cir. 2002), aff'd, 541 U.S. 677 (2004); Anderman v. Republic of Austria, 256 F. Supp. 2d 1098, 1109-10 (C.D. Cal. 2003). Those decisions held that the foreign state against whom a claim was brought, and over whom jurisdiction was exercised, need not be the sovereign that expropriated the property at issue in the case.

In addition to establishing a violation of international law, to demonstrate subject matter jurisdiction the Court must also determine whether or not the "commercial activity" prong of the expropriation exception is satisfied. As part of satisfying this exception, Plaintiff must demonstrate that his "property or any property exchanged for such property is present in the United States ***in connection with*** a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(3) (emphasis added). Plaintiff's motion for expedited discovery seeks to uncover facts related to these alleged commercial activities, such as "the Foundation's contacts with and activities in the United States," the "sale of products, services, or tickets generated by the Foundation's website," "the Foundation's, the Museum's or their employees' efforts to publish books, guides, or other materials in the United States . . . or objects depicting or copying the looted Pissarro painting at issue . . . and the amount of money the Foundation has received from acceptance of American credit cards." (Mot. at 4); see also

**LINKS: 20, 27**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 05-3459 GAF (CTx) Date April 27, 2006

Title Claude Cassirer v. The Kingdom of Spain, et al.

Altmann, 142 F. Supp. 2d at 1196 n.13 (noting that "[t]he [Austrian] Gallery is visited by thousands of United States citizens each year [and t]he Gallery's collection, including the paintings at issue in this action, is advertised in the United States.").

Accordingly, the Court concludes that Plaintiffs should be permitted limited, expedited discovery on the subject of the commercial activities of the Defendants in the United States. This discovery shall be conducted for a period of 60 days from April 27, 2006, to June 30, 2006. Thereafter, the parties are to confer for the purpose of establishing a further briefing schedule regarding the motion to dismiss under the FSIA. Thus, the motion to dismiss shall remain off calendar and the motion for expedited discovery is hereby **GRANTED**.

IT IS SO ORDERED.

:

Initials of Preparer