**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

| | |
|---|---|
| Present: The Honorable | **GARY ALLEN FEESS** |

| | | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER RE: PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I.
## INTRODUCTION & BACKGROUND

The present case involves claims to Nazi-looted artwork. The subject painting, the Rue Saint-Honoré, après-midi, effet de pluie, by French impressionist Camille Pissarro, has been owned by Defendant Thyssen-Bornemisza Foundation (the "Foundation") and housed in the Thyssen-Bornemisza Museum in Madrid, Spain, since 1993. Plaintiffs' Complaint alleges that the Painting was extorted from Lilly Cassirer Neubauer by the Nazis in 1939, as a condition of granting her an exit visa to leave Germany. (Docket No. 1 [Compl.].) The whereabouts of the Painting was unknown for some time, and, in the 1950s, Ms. Neubauer sought and received compensation for the Painting via the German courts and the United States Court of Restitution Appeals of the Allied High Commission for Germany. (See Docket No. 159 [5/24/12 Order] at 5.) Plaintiffs, Ms. Neubauer's great-grandchildren, David Cassirer and Ava Cassirer, together with the United Jewish Federation of San Diego County, seek to recover the Painting from the Foundation. They allege that David's and Ava's father, Claude Cassirer, first learned in 2000 that the Foundation possessed the Painting, and that this was the first information the family had regarding its whereabouts since it was taken in 1939. (Compl. ¶ 31.) Spain refused Claude Cassirer's requests to return the Painting, and, in 2005, he filed this lawsuit. (Id. ¶¶ 32–34.)

When filing his claims, Claude Cassirer relied on the then-applicable California Code of Civil Procedure section 354.3, enacted in 2002, which had extended the statute of limitations for claims for the recovery from museums and galleries of works of fine art alleged to have been

**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

stolen between 1929 and 1945 to December 31, 2010. (See 5/24/12 Order at 7.) In 2009, in another Holocaust-era art case, Von Saher v. Norton Simon Museum of Art of Pasadena, 578 F.3d 1016 (9th Cir. 2009), opinion amended and superseded on denial of rehearing en banc 592 F.3d 954 (9th Cir. 2010), the Ninth Circuit struck down Section 354.3 as unconstitutional, holding that the statute infringed on the federal government's exclusive power to conduct foreign affairs. Later in 2010, the California Legislature amended Section 338(c) of the Code of Civil Procedure, extending the statute of limitations from three years to six, from actual discovery, for claims for the recovery of works of fine art from a museum, gallery, auctioneer, or dealer, where the claim involved "an unlawful taking or theft . . . including a taking or theft by means of fraud or duress." Cal. Civ. Proc. Code § 338(c)(3)(A) (2011); (see 5/24/12 Order at 9, 10–11 n.3.) The law was made expressly retroactive, applying to all actions for works of fine art taken since 1910, and contained a sunset date of December 31, 2017. Cal. Civ. Proc. Code § 338(c)(3)(A) (2011); (see 5/24/12 Order at 10–11 n.3.) The legislative history to Amended Section 338(c) referenced the Von Saher decision, and indicated that the purpose of the amendment was "to provide protection for victims that the Legislature has already intended to protect" and to "provide the necessary remedy for these victims." (See 5/24/12 Order at 3–4, 11–13.) The "idea" for the legislation came from Von Saher's counsel. (Id. at 13.)

On May 24, 2012, this Court granted the Foundation's motion to dismiss, and dismissed this action with prejudice and without leave to amend. (5/24/12 Order.) In the part of the order that is relevant to the present motion for reconsideration, relying largely on Von Saher and other recent Ninth Circuit decisions striking down similar specialized statutes, the Court determined that Amended Section 338(c) had the "identical purpose" and was "functionally equivalent" to Section 354.3, and thus was unconstitutional for the same reasons. (5/24/12 Order at 3–4, 24–35.) The Court reasoned that, although neither Amended Section 338(c) nor Plaintiffs' prosecution of their claims conflicted with any express federal policy against litigation of Holocaust-era art claims in U.S. courts, the statute was problematic because it intruded into a foreign affairs field occupied completely by the federal government. That is, the statute exceeded California's power to legislate, because it impermissibly intended to, and did, provide a legislative remedy for Holocaust-era art claims, with respect to which the federal government exercises exclusive competence. (Id. at 18–35.) Because Plaintiffs could not rely on Amended Section 338(c), their claims, brought five years after Claude Cassirer discovered the Painting's whereabouts, were untimely under Section 338's general three-year limitations period.

Plaintiffs now ask the Court to reconsider the 5/24/12 Order and to enter an order denying the motion to dismiss. (Docket Nos. 161, 164 [Mem.].) They contend that the order contains "a statement of law that is contrary to a recent decision from the German Federal Court of Justice in Sachs v. Deutches Historisches Museum, No. V ZR 279/10 (2012)," and should accordingly be

**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
|---|---|---|---|
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

altered. (Id. at 1.) However, as explained in greater detail below, because the Sachs decision does not control this Court's determination and does not constitute a new material fact affecting the Court's determination, the motion for reconsideration is **DENIED**.

## II.
## DISCUSSION

### A. LEGAL STANDARD

Motions for reconsideration are governed by both the Local Rules of the Central District and by the Federal Rules of Civil Procedure. Central District Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. R. 7-18 (emphasis added). Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration. See McMichael v. United States Filter Corp., Nos. EDCV 99–182VAP (MCX), DECV 00–340VAP (MCX), EDCV 00–341VAP (MCX), EDCV 00–528VAP (MCX), EDCV 00–196VAP (MCX), EDCV00–223VAP (MCX), 2001 WL 418981, at *17 (C.D. Cal. 2001); O'Connor v. Boeing N. Am., Inc., 114 F. Supp. 2d 949, 950 (C.D. Cal. 2000). The remedy in such circumstances is appeal.

Similarly, Federal Rules 59(e) and 60(b) govern motions to reconsider a final judgment or order. Walsh v. Countrywide Home Loans, Inc., No. C 09-0446, 2009 WL 4674049, at *3 (N.D. Cal. Dec. 2, 2009). Under these Rules, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multanomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

## B. APPLICATION

As set forth in the 5/24/12 Order, the test for foreign affairs field preemption involves a two-part inquiry. First, the Court inquires into the "real purpose" of the state statute to determine whether the state has regulated an area of traditional state competence or has instead entered the realm of foreign affairs. Von Saher, 592 F.3d at 964–65. Second, the Court determines whether the state statute impermissibly intrudes on foreign affairs, by, for example, establishing a remedy for wartime injuries, or by expressing a distinct point of view on a specific matter of foreign policy. Id. at 965–66; Movsesian v. Victoria Versicherung AG, 670 F.3d 1067, 1074 (9th Cir. 2012) (en banc).

Relevant to the present motion, the Court concluded that, like Section 354.3, Amended Section 338(c) attempted to establish a remedy for Holocaust-era injuries. The Ninth Circuit in Von Saher determined such action to be impermissible because the federal government has acted "comprehensive[ly]" and "pervasive[ly]" in the field of restitution for Holocaust-era art since the immediate post-war era, and because it possesses exclusive competence to negotiate and establish the international remedies presently under discussion in this arena. (5/24/12 Order at 32–33.) Thus, Amended Section 338(c) fell on the basis that it "was intended to provide relief to the same class of plaintiffs as those targeted by Section 354.3 – persons with claims to Holocaust-era art, such as Von Saher and the Cassirers." (Id. at 34.) As part of the intended remedy, similar to Section 354.3, Amended Section 338(c) appeared to require California courts to review acts of restitution made by foreign governments. (Id. at 32.) The Court stated that it

> cannot agree with Plaintiffs that adjudication of their claims, made timely by Amended Section 338(c), would not require the Court to review the legitimacy of the compensation provided to Lilly Cassirer Neubauer by the German government in 1958. The question of whether she was adequately compensated for the Painting will necessarily bear on the question whether Plaintiffs retain title to it today. The necessity of such review weighed in favor of a finding of field preemption in Von Saher, and it also does so here.

(Id. at 34.) Finally, similar to the Armenian genocide statute struck down in Movsesian, Amended Section 338(c) "would at times impermissibly require courts to make politically sensitive determinations, including whether the circumstances surrounding the transfer of a particular work of art constituted 'duress.'" (Id. at 34.)

Shortly before the Court issued the 5/24/12 Order, the German Federal Court of Justice,

**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
|---|---|---|---|
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

the Bundesgerichtshof,[1] published its written decision in the Sachs case. (Docket No. 164-2 [Dunwoody Decl.] ¶¶ 2–3.) Plaintiffs acted diligently, but received an analysis of Sachs by a German attorney experienced in art restitution law, Gunnar Schnabel, only the day before the Court entered its order, and thereafter received an English translation of the decision. (Id. ¶¶ 4–6.) The Sachs decision held that, under German law, the plaintiff's receipt of compensation under the German Federal Restitution Act for works of art taken from him in 1938 did not divest him of title or prevent him from demanding their return from the possessor—in his case, a German museum—when their whereabouts were discovered. (Schnabel Report at 1, 5–7, Ex. A [Sachs Decision] at 6–8, ¶¶ 21–29.) Indeed, to hold otherwise "would perpetuate the Nazi injustice." (Id. at 6, ¶ 20.) According to Schnabel, the Sachs decision "makes clear that," under German law, "Lilly Cassirer's receipt of [similar] compensation did not extinguish her ownership interest in the Pissarro painting." (Schnabel Report at 8.)

The Court is grateful to Plaintiffs for bringing the Sachs decision to its attention, and for providing a detailed and professional analysis of it. This decision of course informs the Court's determination. However, after further careful consideration, the Court finds no reason to alter or amend its judgment. The Court considers the Sachs decision to constitute new evidence that has emerged since the entry of the 5/24/12 Order, but it does not effect a change in the controlling law. That is, the Court now has evidence before it that, under German law, the compensation received by Ms. Neubauer in 1958 did not divest her or her heirs of title to the Rue Saint-Honoré. But the question as to what substantive law would have governed Plaintiffs' conversion claims was not answered in this litigation prior to dismissal. Moreover, as to foreign affairs preemption, the decisions of the U.S. Supreme Court and the Ninth Circuit, in Von Saher and other cases, controls this Court's determination. Under these cases, states may not create their own remedies to the problem of looted Holocaust-era art or other wartime injuries, and they may not require their courts to make politically sensitive determinations on matters of foreign policy. As is evident from the Ninth Circuit decisions, this is true whether or not the state's proposed remedy requires or permits review of specific acts of restitution by other governments. Von Saher, 592 F.3d at 967 (stating that "the relevant question is whether the power to wage and resolve war, including the power to legislate restitution and reparation claims, is one that has been exclusively reserved to the national government by the Constitution," and concluding that "it has"); see also Movsesian, 670 F.3d at 1076–77 (Armenian genocide statute did not require the review of acts of restitution by foreign governments, but impermissibly "establishe[d] a particular foreign policy for California"); Deutsch v. Turner Corp., 324 F.3d 692, 714–15 (9th Cir. 2003) (California statute that created a cause of action for Second World War slaves and

[1] The Bundesgerichtshof is "Germany's highest court of general (civil and criminal) jurisdiction." (Docket No. 164-3 [Schnabel Decl.] ¶ 2, Ex. 1 [Schnabel Report] at 1.)

**LINKS: 161, 164**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-03459 GAF (Ex) | Date | July 17, 2012 |
|---|---|---|---|
| Title | David Cassirer v. Thyssen-Bornemisza Collection Foundation | | |

forced labor victims of the Nazi regime to recover compensation impermissibly sought to "modify[] the federal government's resolution of war-related disputes," notwithstanding that no foreign acts of restitution were implicated). Indeed, this Court's conclusion that such review would be necessary in this case merely augmented, but did not control, the determination that Amended Section 338(c) was unconstitutional. (See 5/24/12 Order at 33–34.)

Thus, even taking the Sachs decision into account, the Court is not persuaded that it should alter the conclusions it reached in its May 24, 2012 order. Plaintiffs' motion for reconsideration is **DENIED**.

## III.
## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration is **DENIED**. The hearing presently scheduled for July 23, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**