LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3459 GAF (CTx) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Cassirer v. Kingdom of Spain, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

### ORDER SETTING DATES

At the Court's recent status conference in this case, which recently returned from its second appeal to the Ninth Circuit, defense counsel announced that, after nine years of litigation, it had a new theory as to why the Court lacked subject matter jurisdiction over this lawsuit. Essentially defendant argued that the claims now before the Court had been resolved in litigation conducted in Germany that resulted in a settlement in 1958, and that the case therefore did not involve property "taken in violation of international law." In short, the "new theory" appeared to be little more than a variation on its earlier unsuccessful claim that the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq. precluded jurisdiction in this case because defendant did not take the property in violation of international law.

With the Court's permission, the parties submitted very brief statements regarding the issue raised by defendant. In its pleading (Docket No. 185), defendant argued that it should be permitted to file a Rule 12(b)(1) motion to dismiss this case. The request is **DENIED**.

In the Court's view, defendant has conflated a possible affirmative defense with a ground for asserting immunity under the FSIA. The Court has already determined that the case involves property taken in violation of international law. Its ruling was affirmed by the Ninth Circuit Court of Appeals both by a three judge panel and then by the court sitting en banc. The Supreme Court declined to hear a challenge to the Ninth Circuit ruling. Nothing in the case law holds that a post-war legal proceeding involving claims to ownership in Nazi-looted art changes the fact that the art was stolen by the Nazis. In these circumstances, Agudas Chasidei Chabad of U.S. v. Russian Federation, 528 F.3d 934, 940 (D.C. Cir. 2008), teaches that federal jurisdictional

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3459 GAF (CTx) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Cassirer v. Kingdom of Spain, et al. | | |

requirements are met:

> [T]o the extent that jurisdiction depends on the plaintiff's asserting a particular type of claim, and it has made such a claim, there typically is jurisdiction unless the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or ... wholly insubstantial and frivolous," i.e., the general test for federal-question jurisdiction under Bell v. Hood, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and Arbaugh v. Y & H Corp., 546 U.S. 500, 513 & n. 10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

Here there can be no argument that plaintiffs are asserting an immaterial or wholly frivolous claim for the loss of art during the holocaust.  Because the operative complaint alleges sufficient facts to establish a colorable claim to the work or art, the jurisdictional threshold of 28 U.S.C. § 1605(a)(3) has been met.  Whether there has been prior litigation over ownership of the work of art at issue in this case, and the legal significance of that litigation, are matters that can be addressed in this case.  However, they are not matters that undermine the Court's jurisdiction to consider the plaintiffs' claim and resolve any defenses that defendant may assert to the claim.

The request for further proceedings on the jurisdictional question is **DENIED**.  The stay in this case is lifted and defendant is ordered to file an answer to the operative complaint no later than Friday, August 22, 2014.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | SMO |