KENDALL BRILL & KLIEGER LLP
Bert H. Deixler (70614)
  *bdeixler@kbkfirm.com*
Laura W. Brill (195889)
  *lbrill@kbkfirm.com*
George E. Pence (257595)
  *gpence@kbkfirm.com*
Nicole S. Phillis (291266)
  *nphillis@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Plaintiffs
DAVID CASSIRER, AVA CASSIRER,
and UNITED JEWISH FEDERATION
OF SAN DIEGO COUNTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,<br><br>Defendant. | Case No. CV 05-03459-JFW (Ex)<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently with Declaration of Laura W. Brill*<br><br>Judge:  Hon. John F. Walter<br>Date:    June 22, 2015<br>Time:   9:30 a.m.<br>Crtrm.: 16<br><br>Fact Discovery cutoff: May 11, 2015<br>Pretrial Conference: July 10, 2015<br>Trial: July 28, 2015 |

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

Case No. CV 05-03459-JFW (Ex)

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1  **TO THYSSEN-BORNEMISZA COLLECTION FOUNDATION AND**
2  **ITS COUNSEL OF RECORD:**

3      **PLEASE TAKE NOTICE THAT** on June 22, 2015, at 9:30 a.m., or as soon

4  thereafter as counsel may be heard, in the courtroom of the Honorable John F.

5  Walter, located in the United States Courthouse, 312 N. Spring Street, Los Angeles,

6  CA 90012, David Cassirer, Ava Cassirer, and United Jewish Federation of San

7  Diego County (collectively, "Plaintiffs") will and hereby do move this Court for

8  Rule 11 Sanctions against Defendant Thyssen-Bornemisza Collection Foundation

9  ("TBC").

10      This Motion is made upon the following grounds:  TBC has submitted and

11  refused to withdraw, despite repeated requests, signed pleadings that include legal

12  contentions that are not warranted by existing law or by a nonfrivolous argument for

13  extending, modifying, or reversing existing law or establishing new law.  In

14  particular, Plaintiffs repeatedly cautioned TBC that (a) filing a Notice of Appeal

15  from the Court's March 13, 2015 Order denying TBC's Motion For Summary

16  Adjudication on the grounds that the Court lacked jurisdiction under the Foreign

17  Sovereign Immunities Act (the "FSIA") would be plainly frivolous and (b) filing a

18  Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (the "1292(b) Motion")

19  would also be frivolous to the extent that the motion relied upon a frivolous appeal

20  of the Court's FSIA ruling.  Dkt. 261-1, ¶ 3, Ex. B.  Despite these admonitions, TBC

21  made the aforementioned filings on April 10, 2015.  Dkts. 258 & 257, respectively.

22      Thereafter, Plaintiffs filed an *Ex Parte* Application For An Order Certifying

23  Defendant's Interlocutory Appeal As Frivolous and/or Waived (the "*Ex Parte*

24  Application"), Dkt. 261, which the Court granted, Dkt. 264.  In the face of this

25  ruling, TBC continues not to withdraw its Notice of Appeal and 1292(b) Motion,

26  despite repeated requests.  *See* Declaration of Laura W. Brill ("Brill Decl.") ¶ 2; *id.*

27

28

239262                                                                 i                              Case No. CV 05-03459-JFW (Ex)
NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1  ¶ 4, Ex. A; *id.* ¶ 5, Ex. B; *id.* ¶ 6, Ex. C.  No reasonable legal argument supports

2  TBC's position.

3       Accordingly, TBC and the law firm representing it should be ordered to pay

4  Plaintiffs' attorneys the reasonable value of their services in connection with (a)

5  their *Ex Parte* Application, (b) this Motion, (c) and any further proceedings in this

6  Court or the Ninth Circuit with respect to TBC's frivolous legal contentions.[1]  In

7  addition, TBC and the law firm representing it should be ordered to pay such

8  additional sums as may be necessary to deter frivolous litigation conduct in the

9  future.

10       This Motion is made after serving TBC with this motion and allowing 21 days

11  to pass for TBC to correct the pleadings.  This motion is also made following meet

12  and confers between counsel pursuant to Local Rule 7-3.  Brill Decl. ¶ 2; *id.* ¶ 4,

13  Ex. A; *id.* ¶ 5, Ex. B; *id.* ¶ 6, Ex. C.

14       This Motion is based on this Notice of Motion, the attached Memorandum of

15  Points and Authorities, the Declaration of Laura W. Brill filed concurrently

16  herewith, all of the pleadings, files, and records in this proceeding, all other matters

17  of which the Court may take judicial notice, and any argument or evidence that may

18  be presented to or considered by the Court prior to its ruling.

19  DATED:  April 27, 2015     KENDALL BRILL & KLIEGER LLP

22  By:     /s/Laura W. Brill
     Laura W. Brill

23       Attorneys for Plaintiffs

24       DAVID CASSIRER, AVA CASSIRER,
     and UNITED JEWISH FEDERATION

25       OF SAN DIEGO COUNTY

[1] To date, the reasonable value of such services already exceeds $5,000.  Brill Decl. ¶ 10.  Plaintiffs do not seek sanctions exceeding $5,000.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

## TABLE OF CONTENTS

Page

2

3   I.    INTRODUCTION ...................................................................................... 1

4   II.   BACKGROUND ....................................................................................... 2

5         A.    Nature Of This Case ...................................................................... 2

6         B.    The Ninth Circuit Rejected TBC's FSIA Defense In TBC's First
                Appeal ............................................................................................ 2
7
          C.    Following Remand, TBC Engaged In Dilatory Tactics And
8               Waived Any Further Challenge To Jurisdiction Based On The
                FSIA ............................................................................................... 3
9
          D.    TBC's January 20, 2015 Summary Adjudication Motion Raised
10              Arguments Concerning TBC's Stricken And Waived FSIA
                Defense .......................................................................................... 5
11
          E.    TBC's Interlocutory Appeal Was Calculated To Delay Trial ...... 6
12
          F.    The Court Has Already Ruled That The Notice of Appeal Is
13              Frivolous And Waived ................................................................... 7

14  III.  ARGUMENT ............................................................................................ 8

15        A.    Standard for Rule 11 Sanctions .................................................... 8

16        B.    TBC's Counsel Violated Rule 11 By Filing The Notice of
                Appeal and 1292(b) Motion, Then Compounded The Violation
17              By Refusing To Withdraw Those Filings After The Court Held
                That The Notice of Appeal Was Frivolous And Waived .............. 10
18
          C.    TBC And Its Counsel Should Be Sanctioned ............................... 11
19
    IV.   CONCLUSION ......................................................................................... 12

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

iii

Case No. CV 05-03459-JFW (Ex)

1

# TABLE OF AUTHORITIES

2

**Page(s)**

**Cases**

3

4

*Cassirer v. Kingdom of Spain*,
   131 S. Ct. 3057 (2011) .................................................................................2

5

6

*Cassirer v. Kingdom of Spain*,
   616 F.3d 1019 (9th Cir. 2010) (*en banc*).................................................2, 3, 6, 11

7

8

*Cassirer v. Thyssen-Bornemisza Collection Found.*,
   737 F.3d 613 (9th Cir. 2013) .......................................................................4

9

10

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ..................................................................................9, 10

11

12

*G.C. & K.B. Invs., Inc. v. Wilson*,
   326 F.3d 1096 (9th Cir. 2003) ......................................................................9

13

14

*Gates v. Victor Fine Foods*,
   54 F.3d 1457 (9th Cir. 1995)........................................................................10

15

16

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005)........................................................................9

17

*Hudson v. Moore Bus. Forms, Inc.*,
   836 F.2d 1156 (9th Cir. 1987).......................................................................10

18

19

*Lora v. O'Heaney*,
   602 F.3d 106 (2d Cir. 2010) ........................................................................10

20

21

*Patterson v. Aiken*,
   841 F. 2d 386 (11th Cir. 1988).....................................................................9

22

23

*Pena v. Meeker*,
   298 F. App'x 562 (9th Cir. 2008)..................................................................10

24

25

*Siderman de Blake v. Republic of Argentina*,
   965 F.2d 699 (9th Cir. 1992).......................................................................10

26

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1990) (en banc)...........................................................9

27

28

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*Truesdell v. S. California Permanente Med. Group*,
    209 F.R.D. 169 (C.D. Cal. 2002)..............................................................................11

*United States v. Washington*,
    No. 05-04, 2013 WL 9668852 (W.D. Wash. Jan. 9, 2013)...................................10

*In re Yagman*,
    796 F.2d 1165 (9th Cir. 1986)................................................................................11

*Zaldivar v. City of L.A.*,
    780 F.2d 823 (9th Cir. 1986)................................................................................9, 10

**Statutes**

28 U.S.C.
    § 1292(b).....................................................................................................................7
    § 1605(a)....................................................................................................2, 4, 7, 10

**Other Authorities**

H.R. REP. 94-1487, 18, 1976 U.S.C.C.A.N. 6604.......................................................10

**Rules**

Federal Rule of Appellate Procedure
    4(a)(1)(A)..................................................................................................................5, 8

Federal Rule of Civil Procedure
    11 ...........................................................................................................*passim*
    59 ...........................................................................................................5, 8
    60 ...............................................................................................................8

Local Rule
    7-3 ...............................................................................................................ii

**Treatises**

Restatement (Third) of the Foreign Relations Law of the United States,
    § 712 .......................................................................................................6, 7

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

v

Case No. CV 05-03459-JFW (Ex)

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3          On April 16, 2015, this Court entered an Order certifying in writing that

4  TBC's Notice of Appeal dated April 10, 2015 (Dkt. 257) is frivolous and waived.

5  Dkt. 264 at 2.

6          Before submitting the *Ex Parte* Application seeking such certification,

7  counsel for Plaintiffs had explained to counsel for TBC repeatedly both orally and in

8  writing why the appeal was both frivolous and waived.  TBC filed the Notice of

9  Appeal notwithstanding these cautions, and TBC had refused to withdraw it, despite

10 further urging.

11         Since the Court's April 16, 2015 Order certifying that the appeal is in fact

12 waived and frivolous, counsel for Plaintiffs have continued their efforts to urge TBC

13 voluntarily to withdraw the Notice of Appeal and the 1292(b) Motion, to the extent

14 that the motion relies upon the Notice of Appeal.  *See* Dkt. 257-1 at 11–12 (TBC

15 argument that 1292(b) interlocutory appeal of non-FSIA aspects of March 13, 2015

16 Order is proper because TBC has already appealed from other aspects of that order

17 under the FSIA).  Plaintiffs' efforts to obtain voluntary compliance have proved

18 futile.

19         For the reasons already identified by Plaintiffs in their April 14, 2015 *Ex*

20 *Parte* Application and April 15, 2015 Reply submission, and for the reasons stated

21 in this Court's April 16, 2015 Order, TBC's Notice of Appeal is frivolous.  TBC's

22 reliance on the frivolous Notice of Appeal in connection with its 1292(b) Motion is

23 likewise frivolous.  It is appropriate at this stage for the Court to impose sanctions

24 on both TBC and the law firm representing it for their refusal voluntarily to

25 withdraw the Notice of Appeal and for their refusal to withdraw the 1292(b) Motion

26 to the extent it relies on the Notice of Appeal.

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1    Plaintiffs do not bring this motion lightly.  In 20 years of practice, this is the

2  first time counsel for Plaintiffs has made a motion for sanctions under Rule 11.  Brill

3  Decl. ¶ 3.  The legal issue here is clear-cut, and the propriety of sanctions is also

4  clear due to TBC's and its counsel's unreasonable intransigence.

5                                    II.      **BACKGROUND**

6  **A.      Nature Of This Case**

7    Plaintiffs are the heirs and successors of Lilly Cassirer Neubauer, who was

8  forced under Nazi duress to give up possession of a Pissarro Impressionist

9  masterpiece in 1939.  Lilly's grandson Claude Cassirer discovered the Painting

10 decades later in the wrongful possession of TBC, which operates a museum in

11 Madrid.  Claude petitioned for the return of the Painting in 2001, and when that

12 effort failed, filed this action in May 2005.  Claude Cassirer's 2001 Petition set forth

13 a detailed explanation of his claim of ownership and both discussed and attached a

14 copy of a 1958 settlement agreement ("1958 Agreement") that Lilly had entered

15 following lengthy proceedings in Germany.  Brill Decl. ¶ 8, Ex. D.

16 **B.      The Ninth Circuit Rejected TBC's FSIA Defense In TBC's First Appeal**

17    At the outset of this case, TBC, an instrumentality of the Kingdom of Spain,

18 moved to dismiss the Complaint as barred by the FSIA.  Dkt. 13.  Based on a

19 detailed record, this Court denied TBC's motion and concluded that this suit falls

20 squarely within the "expropriation" exception to sovereign immunity, 28 U.S.C.

21 § 1605(a)(3).  Dkt. 61.

22    TBC appealed.  Dkt. 65.  The Ninth Circuit, following a panel decision,

23 affirmed this Court's jurisdictional ruling *en banc* in 2010.  *See Cassirer v. Kingdom*

24 *of Spain*, 616 F.3d 1019 (9th Cir. 2010) (*en banc*).  The Supreme Court denied

25 certiorari.  131 S. Ct. 3057 (2011).  The case was finally remanded in July 2011,

26 more than six years after the case was originally filed.  Dkt. 113.

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

2

Case No. CV 05-03459-JFW (Ex)

1    The *en banc* Ninth Circuit's ruling addressed a variety of issues relating to the

2    scope of the FSIA. As relevant here, the Ninth Circuit ruled that at the jurisdictional

3    stage, it is unnecessary to "decide whether the taking actually violated international

4    law; as long as a claim is substantial and non-frivolous, it provides a sufficient basis

5    for the exercise of our jurisdiction." *Cassirer*, 616 F.3d at 1027 (citations and

6    internal quotation marks omitted).

7    The Ninth Circuit also opined that a taking offends international law not only

8    when it is unaccompanied by just compensation, but also (1) when it does not serve

9    a public purpose and (2) when it discriminates against those who are not nationals of

10   the country. *Cassirer*, 616 F.3d at 1027; *see also id.* at 1036 n.25 (noting Plaintiffs'

11   allegations of a discriminatory taking unsupported by a public purpose). The Ninth

12   Circuit sated its ultimate conclusion as follows: "We simply hold that the district

13   court has power to entertain Cassirer's claim against Spain as well as the

14   Foundation." *Id.* at 1037.

15   TBC, which had known about the 1958 Agreement for years, elected not to

16   raise any issues about the agreement in connection with its motion to dismiss the

17   case under the FSIA.

18   **C.   Following Remand, TBC Engaged In Dilatory Tactics And Waived Any**

19   **Further Challenge To Jurisdiction Based On The FSIA**

20   On September 8, 2011, TBC made a second motion to dismiss. Dkt. 122.

21   That motion did not argue that jurisdiction was barred under the FSIA based on the

22   1958 Agreement. *Id.* TBC was clearly on notice of the German litigation and

23   settlement at the time. Dkt. 122-1 at 12 n.8 (memorandum of points and authorities

24   discussing German litigation and settlement); Dkt 122–3, ¶¶ 2–3 & Exs. A & B

25   (Declaration of TBC's counsel attaching copy of 1954 opinion of U.S. Court of

26   Restitution Appeals and 1958 Agreement).

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262                                                    3                          Case No. CV 05-03459-JFW (Ex)
NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1    Judge Feess granted TBC's motion to dismiss on grounds unrelated to the

2  FSIA.  Dkt. 159.  The Ninth Circuit reversed.  *Cassirer v. Thyssen-Bornemisza*

3  *Collection Found.*, 737 F.3d 613 (9th Cir. 2013).  The Ninth Circuit's opinion stated

4  with respect to the 1958 Agreement that "Sachs v. Deutches Historisches Museum

5  [BGH Mar 16, 2012, V ZR 279/10 (Ger.)] shows that 'under German law, the

6  compensation received by Ms. Neubauer in 1958 did not divest her or her heirs of

7  title to the [Painting].'"  *Id.* at 618 n.1.

8    Prior to remand, TBC obtained unjustified delay with a motion to the Ninth

9  Circuit to stay the mandate pending a petition for certiorari.  Dkt. 175.  TBC later

10  determined, without explanation, not to file a petition for certiorari, and the Ninth

11  Circuit mandate issued on May 9, 2014.  Dkt. 177.

12    Despite the remand, TBC did not timely answer the Complaint.  Instead, TBC

13  argued that it should be permitted to make a second challenge to jurisdiction under

14  the FSIA.  Dkt. 185.  On July 29, 2014, this Court expressly denied that request,

15  stating that "there can be no argument that plaintiffs are asserting an immaterial or

16  wholly frivolous claim for the loss of art during the holocaust" and that the

17  "jurisdictional threshold of 28 U.S.C. § 1605(a)(3) has been met."  Dkt. 186 at 2.

18  The Court made clear that TBC's "'new theory' appeared to be little more than a

19  variation on [TBC's] earlier unsuccessful" FSIA arguments, *id.* at 1, and that the

20  Court would not tolerate further delay by TBC:  "The request for further

21  proceedings on the jurisdictional question is **DENIED**.  The stay in this case is lifted

22  and defendant is ordered to file an answer to the operative complaint no later than

23  Friday, August 22, 2014."  *Id* at 2 (emphasis in original).

24    TBC finally answered the Complaint on August 22, 2014.  Dkt. 189.  Its

25  Answer included defenses based on the FSIA and a purported lack of subject matter

26  jurisdiction (3rd and 4th Affirmative Defenses), blatantly disregarding this court's

27  July 29, 2014 ruling that the FSIA jurisdictional issues had been resolved.  *Id.*  The

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

4

Case No. CV 05-03459-JFW (Ex)

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1    Answer also included other affirmative defenses that had been conclusively resolved

2    against TBC in prior proceedings.  *Id.*

3            Plaintiffs moved to strike many of TBC's defenses.  Dkt. 195.  On

4    October 31, 2014, this Court granted Plaintiffs' motion to strike, including striking

5    TBC's affirmative defenses based on the FSIA and lack of subject matter

6    jurisdiction.  Dkt. 206 at 4.  That Order expressly rejected arguments TBC had made

7    that it should be allowed to object to jurisdiction under the FSIA based on the 1958

8    Agreement.  Dkt. 203 at 9–11 (TBC's Opposition to Motion to Strike); Dkt. 206 at 4

9    (Order).

10           TBC did *not* move for reconsideration of this Court's October 31, 2014

11   Order, and it did *not* file a notice of appeal pursuant to Federal Rule of Appellate

12   Procedure 4(a)(1)(A) concerning the portion of that Order striking its FSIA and

13   subject matter jurisdiction defenses.  The deadline to move for reconsideration of an

14   order so as to obtain tolling of the deadline to file a notice of appeal is 28 days.  Fed.

15   R. Civ. Pro. 59(e); Fed. R. App. Pro. 4(a)(4)(A)(v) & (vi).  The deadline to file a

16   notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) is 30 days.

17           Instead of filing an appeal or seeking reconsideration, TBC acquiesced in the

18   October 31, 2014 order striking its FSIA and subject matter jurisdiction defenses.

19   On January 14, 2015, TBC filed its First Amended Answer, omitting previously

20   asserted defenses based on the FSIA and subject matter jurisdiction.  *Compare*

21   Dkt. 222 (omitting FSIA and subject matter jurisdiction defenses) *with* Dkt. 189 at 9

22   (Third and Fourth Defenses in original Answer raising FSIA and subject matter

23   jurisdiction defenses).

24   **D.     TBC's January 20, 2015 Summary Adjudication Motion Raised**

25           **Arguments Concerning TBC's Stricken And Waived FSIA Defense**

26           On January 20, 2015, TBC moved for summary adjudication based on the

27   1958 Agreement.  Dkt. 223-1.  The motion focused on arguments that under the

28

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1    1958 Agreement, Lilly Cassirer Neubauer had waived her right to restitution of the

2    Painting.  *Id.* at 1:15–19.  TBC also asserted that the German government's payment

3    of 120,000 DM deprived this Court of subject matter jurisdiction under FSIA

4    because it had "remedied" the Nazi's violation of international law.  *Id.* at 11:18.

5         On March 13, 2015, denied TBC's motion for summary adjudication.  Dkt.

6    245.  Before addressing the merits of TBC's FSIA/international law arguments, the

7    Court expressly held that TBC's FSIA argument "constitutes an improper request

8    for reconsideration of Judge Feess's October 31, 2014 Order striking the

9    Foundation's FSIA and Subject Matter Jurisdiction Defenses [Docket No. 206 at

10   4]."  Dkt. 245 at 6 n.10.

11        The Court went on to note that even if TBC's FSIA arguments were

12   procedurally proper, they would fail on the merits.  The Court explained as follows:

13        As the Ninth Circuit discussed in its 2010 en banc decision in this case, a
          taking violates international law when: (1) it does not serve a public purpose,
14        (2) when it discriminates against those who are not nationals of the country,
          *or* (3) when it is not accomplished with payment of just compensation.
15        *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1027 (9th Cir. 2010) (en banc);
          *see also* Restatement (Third) of the Foreign Relations Law of the United
16        States, § 712.

17        The Foundation argues that a taking does not violate international law unless
          a plaintiff has sought redress for the taking and has been denied just
18        compensation.  In other words, the Foundation argues that because Lilly
          received just compensation, there has been no violation of international law.
19        However, the Foundation's argument completely ignores the other two types
          of takings that can constitute a violation of international law – those that do
20        not serve a public purpose and those that are discriminatory in nature.…

21        Unlike a taking without payment of just compensation, which does not violate
          international law unless the plaintiff has failed to receive just compensation, a
22        discriminatory taking or taking that does not serve a public purpose violates
          international law regardless of whether the plaintiff receives just
23        compensation.

24   Dkt. 245 at 6 (internal citations and quotation marks omitted).

25   **E.    TBC's Interlocutory Appeal Was Calculated To Delay Trial**

26        TBC's counsel informed Plaintiffs' counsel that it intended to appeal.  Dkt.

27   261-1 ¶ 4, Ex. C.  TBC's counsel said that his client desired this Court to rule on the

28

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262                                        6                    Case No. CV 05-03459-JFW (Ex)
NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1  pending summary judgment motions, but that his client's aim was to stop a trial in

2  the event that the pending motions are denied.  *Id.* ¶ 3, Ex. B.[2]  Plaintiffs' counsel

3  informed TBC's counsel that any such appeal would be frivolous and waived and

4  that Plaintiffs would seek sanctions in the event a notice of appeal were filed.  *Id.*

5  Despite their clear professional obligation not to clog the Courts with meritless

6  appeals calculated only to delay, TBC's counsel decided to proceed, and filed the

7  Notice of Appeal on April 10, 2015.

8          On the same day, TBC also filed a motion to certify for immediate appeal

9  pursuant to 28 U.S.C. § 1292(b) non-FSIA issues addressed in the Court's

10  March 13, 2015 Order (the "1292(b) Motion").  Dkt. 257.  TBC's 1292(b) Motion is

11  based in substantial part on arguments relating to the Notice of Appeal.  Dkt. 257-1

12  at 11.  In that motion, TBC contends:

13          [T]he Foundation filed a *protective* Notice of Appeal with the U.S. Court of
        Appeals for the Ninth Circuit within the thirty day requirement to preserve its
14      right to appeal this Court's finding that the 1958 German Settlement
        Agreement did not remedy or resolve the alleged "taking in violation of
15      international law," under the FSIA's expropriation exception, 28 U.S.C. §
        1605(a)(3).  If the Court rejects the Foundation's request to certify the two
16      issues identified in this motion, the Foundation may have to return to the
        Ninth Circuit to appeal these issues piecemeal in the future, rather than have
17      them addressed by the Ninth Circuit in conjunction with the FSIA immunity
        challenge.

18

19  Dkt. 257-1 at 11.

20  **F.    The Court Has Already Ruled That The Notice of Appeal Is Frivolous**

21         **And Waived**

22          Plaintiffs filed an *Ex Parte* Application for An Order Certifying Defendant's

23  Interlocutory Appeal as Frivolous and/or Waived on April 14, 2015.  Dkt. 261.

24

25

26          [2] TBC later denied that it was seeking to delay a trial but refused requests to
    stipulate to stay the appeal until after all proceedings in this Court were completed.
27  Brill Decl. ¶ 9, Ex. E.

28

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1    On April 16, 2015, the Court granted Plaintiffs' *Ex Parte* Application,

2  holding "[t]he Court concludes that the Foundation's interlocutory appeal is

3  frivolous and that the Foundation waived its right to pursue an interlocutory appeal

4  of the Court's denial of sovereign immunity."  Dkt. 264.  This Court's April 16,

5  2015 Order stated as follows:

6    The Foundation did not file an appeal from Judge Feess October 31, 2014
     Order or file a motion for reconsideration within 28 days of that Order.

7    Instead, after waiting almost three months, on January 20, 2015, the
     Foundation filed an untimely and improper motion for reconsideration of

8    Judge Feess' Order disguised as a summary judgment motion. Indeed, in its
     March 13, 2015 Order denying that motion [Docket No. 245], this Court held

9    in relevant part: "[T]he Court concludes that the Foundation's argument
     regarding lack of jurisdiction under the FSIA constitutes an improper request

10   for reconsideration of Judge Feess's October 31, 2014 Order striking the
     Foundation's FSIA and Subject Matter Jurisdiction Defenses."

11

12   Under the applicable Federal Rules of Appellate and Civil Procedure, the
     Foundation was required to file its interlocutory appeal within thirty days of
     Judge Feess' October 31, 2014 Order, unless it filed a timely motion for

13   reconsideration which it failed to do. *See* Fed. R. App. P. 4; Fed. R. Civ. P.
     59, 60. Accordingly, the Court concludes that the time to appeal the denial of

14   sovereign immunity has expired, and thus certifies that the Foundation's
     interlocutory appeal is frivolous

15   and/or waived.

16    In light of the Court's April 16, 2015 ruling, counsel for Plaintiffs have

17  repeatedly urged TBC's counsel to withdraw its Notice of Appeal and its 1292(b)

18  Motion to the extent that motion is based on the Notice of Appeal.  Brill Decl. ¶ 2;

19  *id.* ¶ 4, Ex. A; *id.* ¶ 5, Ex. B; ¶ 6, Ex. C.  As of the date that Plaintiffs provided TBC

20  with the required 21-days' notice of their intent to file this motion under Rule 11,

21  TBC's counsel had not agreed to the requested withdrawal.  *Id.* ¶ 7.

22                    **III.    ARGUMENT**

23  **A.    Standard for Rule 11 Sanctions**

24    Federal Rule of Civil Procedure 11(b)(2) provides that by signing any

25  pleading, an attorney certifies that to the best of the person's knowledge,

26  information, and belief, formed after an inquiry reasonable under the circumstances:

27  "the claims, defenses, and other legal contentions are warranted by existing law or

28

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   by a nonfrivolous argument for extending, modifying, or reversing existing law or

2   for establishing new law."

3        A pleading need not be frivolous as a whole to be sanctionable under Rule 11.

4   Sanctions may be imposed "where it is shown that the Rule was violated as to a

5   portion of a pleading, even though it was not violated as to other portions."

6   *Patterson v. Aiken*, 841 F. 2d 386, 387 (11th Cir. 1988); *see also Townsend v.*

7   *Holman Consulting Corp.*, 929 F.2d 1358, 1365 n.4 (9th Cir. 1990) (en banc)

8   (holding that the language of the rule "does *not* imply that a pleading is well-

9   grounded simply because one part of it is well-grounded" and finding that a single

10  frivolous claim was sufficient to support sanctions).

11       By its plain text, Rule 11 applies not just to entire pleadings, claims, or

12  defenses, but to frivolous "legal contentions" as well.  Fed.R.Civ.P. 11(b)(2).  The

13  "central purpose of Rule 11 is to deter baseless filings" by imposing a duty on

14  attorneys to certify that they have "conducted a reasonable inquiry and have

15  determined that any papers filed with the court are well grounded in fact [and]

16  legally tenable."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see*

17  *also Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) (Rule 11 sanctions proper

18  where complaint failed to assert legal contention necessary to support claim for

19  relief).

20       Whether a pleading is frivolous or improper is determined using an objective

21  "reasonableness" standard, rather than from the perspective of the pleader's

22  subjective intent.  *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th

23  Cir. 2003).  The reasonableness standard is viewed from the perspective of a

24  competent attorney admitted to practice before the district court.  *Id.*  Sanctions are

25  proper "if the paper filed in district court and signed by an attorney … is frivolous,

26  legally unreasonable, or without factual foundation, even though the paper was not

27  filed in subjective bad faith."  *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir.

28

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

9

Case No. CV 05-03459-JFW (Ex)

1   1986), *abrogated on other grounds by Cooter & Gel*, 498 U.S. at 399.  The legal

2   basis of a pleader's contentions must be based on a "good faith argument for his or

3   her view of what the law is, or should be," and "[a] good faith belief in the merit of

4   a legal argument is an objective condition which a competent attorney attains only

5   after reasonable inquiry."  *Id.* at 831 (internal quotation marks omitted).  The more

6   settled an area of law, the more likely sanctions will be imposed.  *See Hudson v.*

7   *Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1160 (9th Cir. 1987).

8   **B.**   **<u>TBC's Counsel Violated Rule 11 By Filing The Notice of Appeal and</u>**

9        **<u>1292(b) Motion, Then Compounded The Violation By Refusing To</u>**

10       **<u>Withdraw Those Filings After The Court Held That The Notice of</u>**

11       **<u>Appeal Was Frivolous And Waived</u>**

12       This Court has already determined that the Notice of Appeal is frivolous and

13  waived.  Dkt. 264.  Rule 11 sanctions are therefore appropriate given TBC's refusal

14  to withdraw its Notice of Appeal in the face of this Court's written certification.  In

15  addition to the reasons relied on by the Court, the Notice of Appeal is also frivolous

16  for the following additional reasons:

17       •   Rulings on motions for reconsideration are not appealable orders.  *Lora*

18  *v. O'Heaney*, 602 F.3d 106, 112 (2d Cir. 2010); *United States v. Washington*, No.

19  05-04, 2013 WL 9668852 (W.D. Wash. Jan. 9, 2013); *see also Pena v. Meeker*,

20  298 F. App'x 562, 563 (9th Cir. 2008) (motion for leave to file motion for

21  reconsideration did not toll time to appeal).

22       •   TBC waived its FSIA defense under 28 U.S.C. § 1605(a)(1) by filing a

23  responsive pleading that did not include the defense.  *Gates v. Victor Fine Foods*,

24  54 F.3d 1457, 1465 (9th Cir. 1995) (recognizing implied waiver under section

25  1605(a)(1) through filing of responsive pleading that does not include FSIA

26  defense); *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 723 (9th Cir.

27  1992) (same); *see also* H.R. REP. 94-1487, 18, 1976 U.S.C.C.A.N. 6604, 6617.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

10

Case No. CV 05-03459-JFW (Ex)

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1  • The Ninth Circuit has already held in this case that to establish

2  jurisdiction, all that is necessary is that Plaintiffs have a substantial and nonfrivolous

3  basis on which to allege a violation of international law.  *See Cassirer*, 616 F.3d at

4  1027.  Judge Feess determined in July 2014 that "there can be **no argument** that

5  plaintiffs are asserting an immaterial or wholly frivolous claim for the loss of art

6  during the holocaust." Dkt. 186 at 2.  The Ninth Circuit also already ruled in this

7  case that takings that are discriminatory or not for a public purpose also violate

8  international law, even if compensation is paid.  The Ninth Circuit has already

9  determined that Plaintiffs have sufficiently pleaded both of those bases for

10  jurisdiction.  *Cassirer*, 616 F.3d at 1036 n.25.

11  Because the Notice of Appeal is plainly frivolous, the portions of TBC's

12  1292(b) Motion that rely on the Notice of Appeal are likewise frivolous.  TBC has

13  no reasonable basis for arguing that certification of non-FSIA aspects of this

14  Court's March 13, 2015 Order should be immediately appealed so that they can be

15  decided in lock-step with TBC's frivolous and waived Notice of Appeal.

16  This is not a close case.  Since the Ninth Circuit *en banc* ruled that this Court

17  has jurisdiction under the FSIA, TBC has been subject to **four separate orders**

18  explicitly rejecting its FSIA defense based on the 1958 Agreement.  Without

19  sanctions, Plaintiffs will continue to suffer prejudice by having to re-litigate the

20  issue over and over again, including in the Ninth Circuit, because TBC will not

21  accept "no" for an answer.

22  **C.   TBC And Its Counsel Should Be Sanctioned**

23  The purpose of a Rule 11 sanction is to deter future conduct.  *In re Yagman*,

24  796 F.2d 1165, 1183 (9th Cir. 1986); *see also Truesdell v. S. California Permanente*

25  *Med. Group*, 209 F.R.D. 169, 175 (C.D. Cal. 2002) (citing authorities).  Rule 11(c)

26  thus empowers the court to impose an appropriate sanction upon any attorney or law

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262

11

Case No. CV 05-03459-JFW (Ex)

NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES

1  firm that violated or caused to be violated Rule 11(b)(2), and upon any attorney, law

2  firm, or party that violated or caused to be violated Rule 11(b)(3).

3       Here, a deterrent order is the only way to stop TBC and its counsel from

4  continuing frivolous conduct in the future.  Accordingly, Plaintiffs respectfully

5  request that the Court order TBC to pay Plaintiffs the reasonable value of their

6  services, up to $5,000, in connection with all proceedings resulting from the filing of

7  its Notice of Appeal and to pay to the Court such additional sums as the Court may

8  determine is necessary to deter frivolous litigation conduct in the future.  Such an

9  award is entirely reasonable under the circumstances given that Plaintiffs gave TBC

10  every possible chance to voluntarily agree to end its frivolous litigation conduct, but

11  TBC steadfastly refused.

## IV.   CONCLUSION

13       For the foregoing reasons, Plaintiffs respectfully request an award of

14  sanctions under Rule 11.

15  DATED:  April 27, 2015         KENDALL BRILL & KLIEGER LLP

18  By:     /s/ Laura W. Brill
               Laura W. Brill

19                 Attorneys for Plaintiffs

20                 DAVID CASSIRER, AVA CASSIRER,
               and UNITED JEWISH FEDERATION

21                 OF SAN DIEGO COUNTY

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

239262             12           Case No. CV 05-03459-JFW (Ex)
NOTICE OF MOTION AND MOTION OF PLAINTIFFS FOR RULE 11 SANCTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES