**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **CV 05-3459-JFW (Ex)** | Date:  November 26, 2018 |

Title:     David Cassirer -v- Thyssen-Bornemisza Collection Foundation

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR REVIEW AND RECONSIDERATION OF MAY 4, 2015, DISCOVERY ORDER**
**[filed 11/9/2018; Docket No. 381]**

     On May 18, 2015,  Defendant Thyssen-Bornemisza Collection Foundation (the "Foundation") filed a Notice of Objection and Motion for Review and Reconsideration of May 4, 2015, Discovery Order] ("Original Motion for Review and Reconsideration") [Docket No. 304].  On June 1, 2015, Plaintiffs David Cassirer, Ava Cassirer,[1] and United Jewish Federation of San Diego County (collectively, "Plaintiffs") filed their Opposition [Docket No. 314].  On June 8, 2015, the Foundation filed a Reply [Docket No. 317]. In light of the entry of final Judgment in favor of the Foundation on June 12, 2015, on June 17, 2015, the Court denied the Foundation's Original Motion for Review and Reconsideration as moot [Docket No. 326].  In light of the Ninth Circuit's decision in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 862 F.3d 951 (9th Cir. 2017) reversing and remanding the case to this Court, the Foundation's Original Motion for Review and Reconsideration is no longer moot.  However, on November 5, 2018, the Court concluded that "a new motion should be filed which more narrowly focuses on the relevant issues in light of this Court's and the Ninth Circuit's decision with respect to choice-of-law" and ordered the Foundation to file a new motion [Docket No. 378].

     Accordingly, on November 9, 2018, the Foundation filed a new Motion for Review and Reconsideration of May 4, 2015, Discovery Order [Docket No. 381] ("New Motion for Review and Reconsideration").  On November 14, 2018, Plaintiffs filed their Opposition [Docket No. 385].  On

---

     [1]On November 21, 2018, the Estate of Ava Cassirer, Egidijus Marcinkevicius, Administrator WWA, was substituted for Ava Cassirer as a Plaintiff in this action.

November 15, 2018, the Foundation filed a Reply [Docket No. 387]. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 3, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.     BACKGROUND

On April 7, 2015, the Foundation filed a Motion to Compel [Docket No. 255], seeking the production of thirteen letters, dating from 1957 to 1967, between Lilly Cassirer-Neubauer ("Lilly") (or an agent of Lilly) and her then attorney Siegfried Neuland (the "Neuland Letters"). In that Motion to Compel, the Foundation had argued that Plaintiffs had waived any privilege that attached to those letters. After an extensive hearing on May 1, 2015, the Magistrate Judge, in his Order filed on May 4, 2015, denied the Foundation's Motion to Compel and concluded that, "Plaintiffs have not expressly or impliedly waived the attorney client privilege assertedly applicable to the subject documents."

In the Foundation's Original Motion for Review and Reconsideration, the Foundation sought reversal of the Magistrate Judge's denial of the Foundation's Motion to Compel, on the grounds that: (1) the Magistrate Judge failed to consider whether the claimed privilege existed under California law (which was the law advanced and argued by Plaintiffs), and that, under California law, the attorney-client privilege ceased to exist after Lilly's estate was distributed and her personal representative was discharged; and (2) in the alternative, assuming the federal common law of privilege applied, the attorney-client privilege was expressly or implicitly waived, and, at the very least, *in camera* review was warranted. In the Foundation's New Motion for Review and Reconsideration, the Foundation now argues that: (1) German law should control the question of privilege, and under German law, attorney-client privilege does not exist; (2) if California law applies, the attorney-client privilege ceased to exist after Lilly's estate was distributed and Lilly's personal representative was discharged; (3) if federal common law applies, the attorney-client privilege has been waived; and (4) at the very least, *in camera* review is warranted.

II.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides in relevant part: "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to factual determinations and discretionary decisions. *See Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (1999). That standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (internal quotations omitted); *see also Sec. Farms v. Intern. Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted); *Federal Deposit Ins. Corp. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "contrary to law" standard permits independent review of purely legal determinations made by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Federal Deposit Ins. Corp.*, 196 F.R.D. at 378. However, the reviewing court may not simply substitute its judgment for that of the deciding court. *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### III. DISCUSSION

The Foundation now claims that German law governs Plaintiffs' assertion of attorney-client privilege as to the Neuland Letters. Foundation's New Motion for Review and Reconsideration at 5 ("German privilege law should govern the privilege asserted as the communications relate to German legal proceedings and German law."). Although Plaintiffs raised the potential applicability of German law in 2015 (*see* Docket No. 255-1 at 25 n.6), the Foundation failed to rely on German law in its briefing before the Magistrate Judge and failed to rely on German law in its Original Motion for Review and Reconsideration. The Court concludes that the Foundation should not now be allowed to raise this issue, which was never considered by the Magistrate Judge. *See, e.g.*, *United States v. Boyce*, 2014 WL 7507240, at *7 (C.D. Cal. May 2, 2014) ("[D]istrict courts may decline to consider arguments raised in Rule 72(a) motions that were not made before the magistrate judge."). In any event, for the reasons stated in Plaintiffs' Opposition, the Court concludes that it may not order Plaintiffs to produce the Neuland Letters under German law. *See* Plaintiffs' Opposition to New Motion at 7-12.

With respect to the Foundation's argument that the Magistrate Judge failed to consider whether California law precluded Plaintiffs' assertion of attorney-client privilege as to the Neuland Letters, this Court and the Ninth Circuit determined that California law did not apply to Plaintiffs' claims in this action, and there is no basis for California privilege law to apply to the Neuland Letters. Finally, even if federal common law applied to the Plaintiffs' assertion of privilege, the Court concludes that the Magistrate Judge's ruling was not clearly erroneous or contrary to law.

### IV. CONCLUSION

For the foregoing reasons, the Foundation's New Motion for Review and Reconsideration is **DENIED**. The Court declines to conduct an *in camera* review of the Neuland Letters, because such a review would not have assisted the Court in ruling on the Foundation's New Motion for Review and Reconsideration.

IT IS SO ORDERED.