# ATTACHMENT A

1 | Stephen G. Larson (SBN 145225)
  | slarson@larsonllp.com
2 | **LARSON LLP**
  | 555 South Flower Street, 30th Floor
3 | Los Angeles, California 90071
  | Telephone: (213) 436-4888
4 | Facsimile: (213) 623-2000

5 | Amelia L.B. Sargent (SBN 280243)
  | asargent@larsonllp.com
6 | **LARSON LLP**
  | 900 17th Street NW Suite 200
7 | Washington, DC 20006
  | Telephone: (202) 795-4900
8 | Fax: (202) 795-4888

Attorneys for The Kingdom of Spain

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation, | Case No. 2:05-cv-03459-JFW-E |
|---|---|
| Plaintiffs, | **BRIEF OF AMICUS CURIAE THE KINGDOM OF SPAIN IN SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT** |
| v. | *Filed concurrently with the Motion for Leave to File; Declaration of A. Sargent; [Proposed] Order* |
| THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain, | |
| Defendant. | Assigned to the Hon. John F. Walter |

LARSON
LOS ANGELES

BRIEF OF AMICUS CURIAE THE KINGDOM OF SPAIN IN SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The Kingdom of Spain, through its American counsel, hereby submits the statement of its Undersecretary of the Ministry of Culture Ms. María del Carmen Páez Soria (the "Ministry Report") regarding (1) Spain's "unquestionable interest in the subject of the ownership of" the Painting, Pissaro's *Rue Saint-Honoré, après midi, effet de pluie*, "being analyzed and resolved in accordance with" Spanish law, and (2) the resultant serious injury to those interests, in violation of Spanish sovereignty and principles of international comity, if the laws of California are instead applied to strip the Foundation of the Painting's ownership. (Attachment 1, Ministry Rept., at 1, 3.[1])  Under the factors set out in *Animal Science Products, Inc. v. Hebei Welcome Pham. Co.*, 585 U.S. 33, 43 (2018),[2] this Ministry Report, and the four prior reports submitted by the Kingdom of Spain as *amicus curiae* to this Court and the Ninth Circuit,[3] should be accorded significant weight and considered a definitive statement of its own interest and potential injury in the matter.

For two decades, the Kingdom of Spain has participated in the American judicial process with the trust and faith that, at the very least, its legitimacy and sovereign right to legislate and regulate the disposition of private property within its borders, between its citizens and instrumentalities, and in accordance with its constitutional principles, would be fairly and justly considered by American courts.

---

[1] Citations to the Ministry Report refer to the certified translation.  No portion of this brief was authored by any party or by counsel for any party in this matter.  No one other than the Kingdom of Spain and its counsel made any monetary contribution intended to fund the preparation or submission of the brief.

[2] "Relevant considerations include the [foreign government's] statement's clarity, thoroughness, and support; its context and purpose; the transparency of the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions." *Animal Sci. Prods., Inc.*, 585 U.S. at 43.

[3] For ease of reference, the four prior *amicus* briefs are attached as Attachments 2-5.

LARSON
LOS ANGELES

1

BRIEF OF AMICUS CURIAE THE KINGDOM OF SPAIN IN SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT

And indeed, this Court and all the Courts have done so: deeply considering the novel questions of law, scrupulously weighing the relative state interests, and, at bottom, reaffirming the application of Spanish law to settle, fully and finally, the Foundation's ownership of the Painting.

Now the California legislature purports to reverse by legislative fiat the outcome of two decades' worth of careful and painstaking decisions made by this Court and the appellate courts. The patently unconstitutional and discriminatory amendment to Section 338 of the California Code of Civil Procedure strips away all consideration of Spain's legitimate state interests and mandates a blind application of California substantive law to this dispute, and similar disputes, without any regard to a foreign sovereign's rights and powers regarding the application of its own laws, even where it has substantial interests. With the explicit goal of making it "crystal clear that California law must triumph over foreign law,"[4] Assembly Bill 2867 is an affront to the dignity and sovereignty of Spain.

## II.  SUMMARY OF ARGUMENT

Spain respectfully refers the Court to its attached Ministry Report, which it fully incorporates and is attached hereto as Attachment 1. The Ministry Report sets forth that AB 2867 violates the sovereignty of the Kingdom of Spain, which has a substantial interest not only in the disposition of the Painting, but in the certainty and application of its laws in its own territory.

*First*, AB 2867 violates principles of international comity in that it completely usurps consideration of Spanish interests in favor of California substantive law. *See Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895) ("Comity in the legal sense . . . is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to

---

[4] *Bill Analysis*, Bill AB 2867, prepared for the Assembly Committee on Judiciary, April 27, 2024, at 4.

LARSON
LOS ANGELES

2

BRIEF OF AMICUS CURIAE THE KINGDOM OF SPAIN IN SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT

international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws."). As set forth in the Ministry Report, Spain is a nation of well-developed laws that is fully respectful of human rights and international law. Ministry Report ¶ 1. Spain is just as capable of regulating the right to private property as any other developed nation. *Id.* ¶¶ 1-2. Spain respects the sovereignty of other nations and expects and demands reciprocal respect for its own sovereignty, including its ability to independently regulate the law governing the acquisition and transfer of personal property. *Id.* ¶ 2; *see also Hilton*, 159 U.S. at 212-28 (surveying and concluding import of reciprocal practice of nations to international comity).

***Second,*** Spain has a substantial interest, both public and private, in the disposition of the Painting. The Painting is an asset located in Spain; the acquisition took place in Spain; and the Foundation is a Spanish instrumentality that is itself devoted to the public trust. *Id.* ¶¶ 3-4. Spanish Royal Decree 11/1993 authorized the Foundation to use funds of the Spanish state to purchase the Painting, and the Spanish legislature ratified that acquisition. *Id.* ¶ 5. Royal Decree 11/1993 not only funded the acquisition of the Painting, but "established the inalienable and unseizable nature of the" work. *Id.* The Spanish state therefore has a vested property interest in the Painting, in addition to its interest in having its laws apply to property located in its territory. This interest would be seriously injured if the Foundation were deprived of its ownership based on California's enactment of AB 2867. *Id.* at ¶¶ 3, 5.

***Third,*** application of AB 2867 to this case would undermine fundamental principles of legality and legal certainty (*seguridad jurídica*) of Spanish laws regarding private property. *Id.* ¶¶ 6, 8. Generally, insertion of California law into a Spanish transaction has the potential cast into doubt "the full validity of the laws of Spain" for any transactions between persons located in Spain. *Id.* ¶ 6. And here, the retroactive application of the new AB 2867 to a judgment on the merits "seriously

3

1  compromises the [Spanish] principle of legal certainty," a doctrine that is and should
2  be uncontroversial in any developed democracy. *Id.* ¶ 8. This is particularly so
3  here, where this Court previously recognized that Painting was acquired in
4  accordance with Spanish law well before the lawsuit was brought. *Id.* ¶ 7.

5      By casting doubt on Spanish law and the principal of legal certainty, the
6  application of California law in this case would infringe upon the due process rights
7  of the Foundation as an instrumentality of Spain. This would not happen to an
8  ordinary U.S. citizen appearing in a Spanish court, much less an entity with the
9  legislatively mandated backing of the U.S. government.

10      ***Fourth***, AB 2867 and the application of California law is directly contrary to
11  Spanish property law, which states that "the law applicable to the acquisition of
12  personal property is the law of the place where the property is located"—the *situs*
13  test. As a matter of Spanish law, then, a Spanish court would not apply Spanish law
14  if the Painting were in California. *Id.* ¶ 9. Further, Spanish property law provides
15  that title to private property may pass by operation of law under the principles of
16  acquisitive prescription,[5] which is an acceptable principle for disposition of property
17  under international law. *Id.* ¶ 10. Spain is not aware of any other proceeding,[6] out
18  of the many it has had the opportunity review regarding the recovery of looted
19  artwork, in which "a law other than that of the place where the work was located has
20  been applied." *Id.* ¶ 11.

21  **III.  CONCLUSION**

22      For the reasons set forth in this brief and its report, Spain respectfully submits
23  that an application of AB 2867 depriving the Foundation of its ownership of the
24  Painting would seriously injure Spain's legitimate and sovereign interests in the
25  application and certainty of Spanish law to property and transactions within its

---

[5] Note that the translation uses "purchasing prescription."

[6] Note that the translation uses "procedure."

4

LARSON
LOS ANGELES

BRIEF OF AMICUS CURIAE THE KINGDOM OF SPAIN IN SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT

territory.

Dated: September 15, 2025        LARSON LLP

By:   /s/ Amelia L.B. Sargent
      Stephen G. Larson
      Amelia L.B. Sargent
  Attorneys for Kingdom of Spain