ROB BONTA
Attorney General of California
TODD GRABARSKY
Supervising Deputy Attorney General
CAROLYN DOWNS
SBN 353455
BARBARA HORNE-PETERSDORF
SBN 327738
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6720
 Fax:  (916) 731-2124
 E-mail:  Carolyn.Downs@doj.ca.gov
*Attorneys for Proposed Intervenor Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,**<br><br>Defendant. | Case No. 2:05-cv-03459-JFW<br><br>**ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE FOR THE PURPOSE OF DEFENDING THE CONSTITUTIONALITY OF STATE STATUTES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          December 15, 2025<br>Time:          1:30 p.m.<br>Courtroom:  7A<br>Judge:         Hon. John F. Walter<br>Trial Date:   None set.<br>Action Filed: May 10, 2005 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that California Attorney General Rob Bonta will move this Court on December 15, 2025, at 1:30 p.m., or at another date that the Court may set, in the United States District Court for the Central District of California, at 312 North Spring Street, Los Angeles, California, Courtroom 7A, for an order granting the Attorney General's Motion to Intervene, pursuant to Federal Rules of Civil Procedure 5.1(c) and 24, and 28 U.S.C. § 2403(b), for the limited purpose of defending the constitutionality of California Code of Civil Procedure sections 338(c)(6) and 338.2(g).

This motion is based on this Notice of Motion and Motion to Intervene; the accompanying Memorandum of Points and Authorities; the accompanying Declaration of Carolyn Downs, counsel for the Attorney General; all pleadings and papers on file in this action; and such other matters as the Court may deem appropriate.

Counsel for the Attorney General has made a diligent, good-faith effort to comply with the requirements of Local Rule 7-3. Due to the complexity of the issues in this long-running high-profile matter, the Attorney General sought to intervene in this case by the November 17, 2025, deadline to intervene, but only after the meet-and-confer deadline prescribed by Local Rule 7-3 had passed. Nevertheless, on November 13, 2025, counsel for the Attorney General promptly notified the parties' counsel via electronic mail that he would be moving to intervene. Decl. of Carolyn Downs ¶ 4. Plaintiffs' counsel responded that Plaintiffs do not oppose intervention and agreed to waive the requirements under Local Rule 7-3. *Id.*, ¶ 6. On November 17, 2025, Defendant's counsel responded via electronic mail that Defendant does not oppose intervention. *Id.*, ¶ 9.

| | | |
|---|---|---|
| 1 | Dated: November 17, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | ROB BONTA<br>Attorney General of California |
| 4 | | TODD GRABARSKY<br>Supervising Deputy Attorney General |
| 5 | | |
| 6 | | |
| 7 | | /s/ Carolyn Downs<br>CAROLYN DOWNS |
| 8 | | BARBARA HORNE-PETERSDORF<br>Deputy Attorneys General |
| 9 | | *Attorneys for Proposed Intervenor Rob Bonta, in his official capacity as Attorney General of California* |

# MEMORANDUM OF POINTS AND AUTHORITIES

Attorney General Rob Bonta hereby submits the following memorandum of points and authorities in support of his Notice of Motion and Unopposed Motion to Intervene.

## INTRODUCTION

As the chief law officer of the State of California, the Attorney General seeks to exercise his right to intervene in the present lawsuit to defend the constitutionality of duly enacted California laws. In its recent Motion for Summary Judgment, Defendant Thyssen-Bornemisza Collection Foundation challenges, for the first time in this litigation, the constitutionality of California Code of Civil Procedure sections 338(c)(6) and 338.2(g), seeking to prevent its application to the claims at issue. Because Defendant has challenged the constitutionality of state statutes, the Attorney General submits this Motion to Intervene as a matter of right, pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a) and 28 U.S.C. § 2403(b), for the limited purpose of defending the constitutionality of those statutes. Both parties do not oppose the Attorney General's intervention. Decl. of Carolyn Downs ¶¶ 6, 9.

## BACKGROUND

In this action, which commenced in 2005, Plaintiffs David Cassirer, the Estate of Ava Cassirer, and the Jewish Federation of San Diego County seek to recover a painting by French Impressionist Camille Pissarro, which was stolen from Lilly Cassirer Neubauer by the Nazi regime in World War II and is now in the possession of Defendant Thyssen-Bornemisza Collection Foundation, an agency or instrumentality of the Kingdom of Spain. *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. CV 05-3459-JFW, 2019 WL 13240413, at *1 (C.D. Cal. Apr. 30, 2019). The full background and procedural history of this case is set forth in prior decisions from this Court, the Ninth Circuit Court of Appeals, and the

United States Supreme Court, *see Cassirer v. Thyssen-Bornemisza Collection Found.*, 89 F.4th 1226, 1229–34 (9th Cir. 2024); *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 110–13 (2022); *Cassirer*, 2019 WL 13240413, at *1–15, as well as the parties' recent cross-Motions for Summary Judgment, ECF Nos. 681, 682. What follows is a summary of recent developments relevant to the Attorney General's present Motion to Intervene.

In 2024, the Ninth Circuit held that Spanish law rather than California law applied to Plaintiffs' claims, affirming judgment in favor of Defendant and allowing it to retain possession of and title to the painting. *Cassirer*, 89 F.4th at 1230; *see also Cassirer v. Thyssen-Bornemisza Collection Found.*, 107 F.4th 882 (9th Cir. 2024) (denying rehearing en banc).

Shortly thereafter, on September 16, 2024, Governor Newsom signed Assembly Bill 2867 ("AB 2867") into law. Assemb. Bill 2867. AB 2867 made two changes to California law. First, it amended California Code of Civil Procedure section 338 to add a new subsection (6):

> (6) Notwithstanding any other law or prior judicial decision, in any action brought by a California resident, or by an heir, trustee, assignee, or representative of the estate of a California resident, involving claims relating to title, ownership, or recovery of personal property as described in paragraph (2) or (3) [involving, *inter alia*, stolen artwork], or in the Holocaust Expropriated Art Recovery Act of 2016 (HEAR) (Pub. L. No. 114-308), including claims for money damages, California substantive law shall apply.

Cal. Civ. Proc. § 338(c)(6); Assemb. Bill 2867, § 2. Section 338(c)(6)'s choice of law rule applies to all actions pending on its effective date. *Id.*; Assemb. Bill 2867, § 2(c)(3)(B). Second, AB 2867 added California Code of Civil Procedure section 338.2, which creates a new cause of action allowing a California resident, or an heir, trustee, assignee, or representative of the California resident's estate to bring a claim for "damages, other financial recovery, title, recovery, or ownership of

2

artwork or other personal property" stolen or lost as the result of political persecution. Cal. Civ. Proc. § 338.2(a). Section 338.2 also requires courts to apply California substantive law to actions brought pursuant to the provision. *Id.*, (e). Subdivision (g) allows a claimant to bring an action under section 338.2 when the claimant, prior to the provision's enactment, brought a claim to recover personal property stolen or lost due to political persecution, and the case was dismissed by a court based on certain defenses, including if title was acquired in good faith or by adverse possession, or any procedural basis, such as standing, personal jurisdiction, or subject matter jurisdiction. *Id.*, (g). An action under subdivision (g) must be brought within two years of the statute's enactment or entry of a final judgment and the termination of all appeals, including any petition for a writ of certiorari, whichever is later. *Id.*

In light of these changes to California law, both parties moved for summary judgment on September 12, 2025. ECF Nos. 681, 682. In its summary judgment motion, Defendant challenges the constitutionality of sections 338(c)(6) and 338.2(g), seeking to prevent application of either provision to Plaintiffs' claims. On September 17, 2025, Defendant filed a Notice to the Attorney General for the State of California pursuant to Federal Rule of Civil Procedure 5.1(a) on the basis that Defendant is challenging the constitutionality of those statutes. ECF No. 686. The cross-Motions for Summary Judgment are now fully briefed and the Court has set them for hearing on December 15, 2025. ECF No. 676.

## ARGUMENT

### I. THE COURT MUST PERMIT THE ATTORNEY GENERAL TO INTERVENE TO DEFEND THE CONSTITUTIONALITY OF A DULY ENACTED STATE LAW

#### A. The Attorney General Has the Right to Intervene Under 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1.

Under 28 U.S.C. § 2403(b), when "the constitutionality of any statute of [a] State affecting the public interest is drawn in question" in a lawsuit, and no State or agency, officer, or employee thereof is a party, the Court "*shall* permit the State to

3

intervene for presentation of evidence" and "argument on the question of constitutionality." 28 U.S.C. § 2403(b) (emphasis added); *see Fordyce v. City of Seattle*, 55 F.3d 436, 442 (9th Cir. 1995) (in a case where the constitutionality of a state statute is at issue and neither that state nor one of its agents is a party, a federal district court must notify the state attorney general and "permit the State to intervene"). Federal Rule of Civil Procedure 5.1 implements § 2403. It requires a party "that files a pleading, written motion, or other paper drawing into question the constitutionality of a . . . state statute" to promptly file a Notice of Constitutional Question, Fed. R. Civ. P. 5.1(a); Notes of Advisory Committee on 2006 Amendments, and permits the state's attorney general to intervene to defend the constitutionality of the statute "within 60 days after the notice is filed." Fed. R. Civ. P. 5.1(c).

Here, the Attorney General's intervention in this matter to defend the constitutionality of California Code of Civil Procedure sections 338(c)(6) and 338.2(g) is proper under § 2403(b) and Federal Rule of Civil Procedure 5.1. Defendant filed and served the Notice of Constitutional Question required by Rule 5.1(a) on September 17, 2025, in which it stated its challenge to sections 338(c)(6) and 338.2(g) as violating various constitutional provisions including the Due Process Clause of the Fourteenth Amendment, the Commerce Clause, and the Supremacy Clause. ECF No. 686. This Motion is timely filed within the 60 days provided by Rule 5.1(c). *See* Fed. R. Civ. P. 6(a)(1)(C) (where the last day of a period lands on a Sunday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). Accordingly, the Court "shall permit the State" of California, by and through its Attorney General, to defend the statutes that Defendant challenges, 28 U.S.C. § 2403(b), and for this reason alone it must grant the Attorney General's Motion.

### B. In the Alternative, Intervention Is Proper Under Federal Rule of Civil Procedure 24.

The Attorney General has a right to intervene in this case to defend the constitutionality of state statutes also under Federal Rule of Civil Procedure 24(a)(1) because "a statute of the United States confers an unconditional right to intervene . . . ." Fed. R. Civ. P. 24(a)(1).  As explained above, § 2403(b) confers the Attorney General that statutory right of intervention.

Furthermore, the Attorney General may intervene as a matter of right also pursuant to Rule 24(a)(2) because he has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2).  The Ninth Circuit has adopted a four-part test to determine whether a proposed intervenor has a right to intervene under this rule:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).  The Ninth Circuit has also instructed that to promote the "liberal policy in favor of intervention," Rule 24(a) must be construed "broadly in favor of proposed intervenors." *Id*. at 1179 (quotation marks and citations omitted); *see also* 7C Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 1904 (3d ed. 2025).  In determining whether intervention is appropriate, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v.*

1 *Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  This "liberal policy in favor
2 of intervention serves both efficient resolution of issues and broadened access to the
3 courts." *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir.
4 2002).  Indeed, "[b]y allowing parties with a practical interest in the outcome of a
5 particular case to intervene, we often prevent or simplify future litigation involving
6 related issues; at the same time, we allow an additional interested party to express
7 its views before the court." *Id*. at 398 (emphasis omitted).

8 Here, the Motion meets each of these four elements for intervention for the
9 purpose of defending the constitutionality of Code of Civil Procedure sections
10 338(c)(6) and 338.2(g).

11 *First*, the Motion is timely.  To determine whether a motion to intervene is
12 timely, courts "consider '(1) the stage of the proceeding at which an applicant seeks
13 to intervene; (2) the prejudice to other parties; and (3) the reason for and length of
14 the delay.'" *Peruta v. Cty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016)
15 (quoting *Alisal Water Corp.*, 370 F.3d at 921).  Here, the Motion was filed within
16 the 60-day timeframe provided in Rule 5.1(c) and before the scheduled hearing on
17 the parties' cross-Motions for Summary Judgment.  Intervention for the Attorney
18 General's limited purpose at this juncture does not prejudice the parties.  As noted,
19 both parties indicated they do not oppose the Attorney General's intervention
20 sought through this Motion.  Decl. of Carolyn Downs ¶¶ 6, 9.  Plaintiffs' counsel
21 agreed to the briefing schedule proposed in the concurrently-filed *Ex Parte*
22 Application for Leave to Submit Supplemental Briefing and Continue Hearing.  *Id*.,
23 ¶ 6. Defendant's counsel did not indicate a position on the Attorney General's *Ex*
24 *Parte* Application.  *Id*., ¶ 9.  Therefore, the Motion is timely.

25 *Second*, the Attorney General and the State of California have significant
26 protectable interests warranting intervention to defend the statutes Defendant
27 contends are unconstitutional.  "[A] party has a sufficient interest for intervention
28 purposes if it will suffer a practical impairment of its interests as a result of the

6

pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  Here, as the "chief law officer of the State," the Attorney General is duty-bound "to see that the laws of the State are uniformly and adequately enforced." Cal. Const., art. V. § 13.  And there is "no question" that California has a "significant interest" in defending the constitutionality of its laws. *Peruta*, 824 F.3d at 940; *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

*Third*, denial of intervention would impair and impede the Attorney General's ability to protect the State's interests in defending the constitutionality of its laws.  "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (quotation and citation omitted).  Here, the Attorney General seeks to intervene for the limited purpose of defending the constitutionality of Code of Civil Procedure sections 338(c)(6) and 338.2(g).  If either or both of these provisions are invalidated, it will interfere with Californians' ability to seek recovery of stolen art under California's substantive law and will impact the State's ability to protect those interests.

*Finally*, the existing parties do not adequately represent the Attorney General's interests in defending the constitutionality of the State's duly enacted statutes.  "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).  The public interest protected by the Attorney General is different from the interest of any private party, and the Attorney General expects to present arguments and perspectives not otherwise presented by Plaintiffs. Accordingly, the Attorney General's intervention in this matter will ensure that both Code of Civil Procedure sections 338(c)(6) and 338.2(g) will be defended by

the State's chief law enforcement officer, who is well-positioned to present the overall defense of these statutes.

For these reasons, intervention for the purpose of defending the constitutionality of Code of Civil Procedure sections 338(c)(6) and 338.2(g) is also warranted as a matter of right under Rule 24(a).[1]

## II. THE ATTORNEY GENERAL SHOULD BE AFFORDED REASONABLE TIME TO FILE SUPPLEMENTAL BRIEFING DEFENDING THE CONSTITUTIONALITY OF THE CHALLENGED LAWS.

As a party-in-intervention, the Attorney General intends to provide fulsome argument and explanation defending the constitutionality of sections 338(c)(6) and 338.2(g). In the concurrently-filed *Ex Parte* Motion for Briefing Schedule and Continued Hearing, the Attorney General proposes filing supplemental briefing to present those arguments to the Court as well as a briefing schedule and a continuation of the December 15, 2025, hearing on the parties' cross-Motions for Summary Judgment, as follows:

- January 9, 2026 – Attorney General's supplemental brief due;
- February 6, 2026 – Defendant's opposition brief due;
- February 27, 2026 – Attorney General's reply brief due; and
- March 9, 2026 (or the Court's next available hearing date) – hearing on cross-Motions for Summary Judgment.

Because the Attorney General seeks to exercise his right of intervention for the limited purpose of defending state statutes pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1—rather than as a party in the traditional sense—the Attorney General's proposed supplemental briefing will stand in the place of a "pleading that sets out the claim or defense for which intervention is

---

[1] The Court may also allow the Attorney General to intervene under Federal Rule of Civil Procedure 24(b), which provides that a "court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on" "a statute or executive order administered by the office or agency[.]" Fed. R. Civ. P. 24(b)(2)(A).

8

sought" under Rule 24(c). Fed. R. Civ. P. 24(c). Through communication with the parties' counsel, counsel for Plaintiffs communicated their agreement with the proposed schedule. Decl. of Carolyn Downs ¶ 6. As of this filing, Defendant's counsel has not indicated whether they agree to or oppose the proposed schedule.

## CONCLUSION

For the foregoing reasons, this Court should grant the Attorney General's Motion to Intervene and adopt the proposed supplemental briefing schedule.

Dated:  November 17, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
Supervising Deputy Attorney General

 /s/ Carolyn Downs
CAROLYN DOWNS
BARBARA HORNE-PETERSDORF
Deputy Attorneys General
*Attorneys for Proposed Intervenor Rob Bonta, in his official capacity as Attorney General of California*

9

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Attorney General Rob Bonta, certifies that this brief contains [state the number of] words, which:

<u>X</u> complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [date].

Dated:  November 17, 2025                         Respectfully submitted,

                                                                                       ROB BONTA
Attorney General of California


                                                                  /s/  Carolyn Downs
CAROLYN DOWNS
Deputy Attorney General
*Attorneys for Proposed Intervenor Rob Bonta, in his official capacity as Attorney General of California*

|   |   |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | TODD GRABARSKY<br>Supervising Deputy Attorney General |
| 3 | CAROLYN DOWNS<br>SBN 353455 |
| 4 | BARBARA HORNE-PETERSDORF<br>SBN 327738 |
| 5 | Deputy Attorneys General<br> 300 South Spring Street, Suite 1702 |
| 6 |  Los Angeles, CA  90013-1230<br> Telephone:  (213) 269-6720 |
| 7 |  Fax:  (916) 731-2124<br> E-mail:  Carolyn.Downs@doj.ca.gov |
| 8 | *Attorneys for Proposed Intervenor Rob Bonta, in his official capacity as Attorney General of California* |
| 9 |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,**<br><br>Defendant. | Case No. 2:05-cv-03459-JFW<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL CAROLYN DOWNS PURSUANT TO LOCAL RULE 7-3 IN SUPPORT OF THE ATTORNEY GENERAL'S UNOPPOSED MOTION TO INTERVENE**<br><br>Judge:         Hon. John F. Walter<br>Trial Date:   None set.<br>Action Filed: May 10, 2005 |

I, Carolyn Downs, declare as follows:

1. I am an attorney licensed to practice law in California. I am a deputy attorney general in the Office of the California Attorney General in Los Angeles, and one of the attorneys representing proposed party-in-intervention Attorney General Rob Bonta in the above-captioned matter.

2. I have personal knowledge of the facts stated in this declaration and would testify to them if called to do so.

3. Counsel for the Attorney General submits this declaration documenting the efforts taken to comply with Local Rule 7-3.

4. On November 13, 2025, counsel for the Attorney General notified Plaintiffs' and Defendant's counsel via electronic mail that he would be moving to intervene in the above-captioned matter, and inquired whether either party would oppose the Motion and be willing to waive the meet and confer requirements under Local Rule 7-3.

5. On November 14, 2025, counsel for the Attorney General, via electronic mail, notified the parties' counsel that he intends to file a supplemental brief defending California Code of Civil Procedure sections 338(c)(6) and 338.2(g), and asked if the parties would stipulate to the Attorney General's proposed briefing schedule on his intended supplemental brief and continue the hearing on the parties' cross-Motions for Summary Judgment currently set for December 15, 2025, as follows:

- January 9, 2026 – Attorney General's supplemental brief due;
- February 6, 2026 – Defendant's opposition brief due;
- February 27, 2026 – Attorney General's reply brief due; and
- March 9, 2026 (or the Court's next available hearing date) – hearing on cross-Motions for Summary Judgment.

6. Plaintiffs' counsel responded that Plaintiffs agree to the Attorney General's proposed briefing schedule and to continue the December 15, 2025,

1   hearing.  Plaintiffs' counsel also informed Attorney General's counsel that
2   Plaintiffs would not oppose intervention and agreed to waive the requirements
3   under Local Rule 7-3.
4         7.    On November 17, 2025, at approximately 9:30 a.m., counsel attempted
5   to contact Defendant's counsel Thaddeus Stauber by telephone at the telephone
6   number provided on Defendant's cross-Motion for Summary Judgment, and left a
7   voicemail giving notice of the Attorney General's *Ex Parte* Application pursuant to
8   Local Rule 7-19.
9         8.    On November 17, 2025, at 9:45 a.m., counsel for the Attorney
10  General, via electronic mail, again sought Defendant's position on the forthcoming
11  Motion to Intervene, the proposed briefing schedule and continuing the hearing
12  date, and whether Defendant agrees to waive the requirements under Local Rule 7-
13  3.  Counsel also notified Defendant's counsel that the Attorney General intends to
14  file an *ex parte* application for leave to file supplemental briefing and to continue
15  the December 15, 2025, hearing date.
16        9.    On November 17, 2025, at 10:33 a.m., Mr. Stauber responded to
17  counsel for the Attorney General via electronic mail, stating that Defendant does
18  not oppose the Motion to Intervene.  Mr. Stauber also stated that he was not able to
19  give a definitive response on Defendant's position regarding the Attorney General's
20  *Ex Parte* Application.
21        10.   Accordingly, the Motion to Intervene is unopposed by all parties.

        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.  Executed on November 17, 2025.


                                          /s/  Carolyn Downs
                                          Carolyn Downs

3

ATTORNEY DECLARATION ISO MOTION TO INTERVENE
Case No. 2:05-cv-03459-JFW

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation,**<br><br>                    Plaintiffs,<br><br>        v.<br><br>**THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,**<br><br>                    Defendant. | Case No. 05-cv-03459-JFW<br><br>**[PROPOSED] ORDER GRANTING ATTORNEY GENERAL ROB BONTA'S MOTION TO INTERVENE** |

The Court, having considered the motion of Attorney General Rob Bonta to be allowed to intervene, and having considered any objections filed therewith, hereby **GRANTS** the Attorney General's Motion to Intervene.

IT IS SO ORDERED.


Dated: _____          _____
                                                Honorable John F. Walter
                                                United States District Judge

1

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Cassirer, David, et al. v. Thyssen-Bornemisza Collection Foundation** | Case No. | **2:05-cv-03459-JFW** |

I hereby certify that on November 17, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE FOR THE PURPOSE OF DEFENDING THE CONSTITUTIONALITY OF STATE STATUTES; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on November 17, 2025, at Los Angeles, California.

| | |
|---|---|
| Anthony Conklin | *Anthony Conklin* |
| Declarant | Signature |

SA2025306474
68069619.docx