Patrick T. Byrne, State Bar No. 279459
p.byrne@bcremades.com
B. CREMADES Y ASOCIADOS
Calle Goya 18, 2º
28001 Madrid, Spain
Tel.: +34 914 237 200
Attorneys for Amici Curiae

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CASSIRER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THYSSEN-BORNEMISZA COLLECTION FOUNDATION, and Agency of instrumentality of the Kingdom of Spain,<br><br>Defendant. | CASE NO: CV 05-3459-JWF- (Ex)<br><br>**NOTICE OF MOTION AND MOTION OF COMUNIDAD JUDÍA DE MADRID AND FEDERACIÓN DE COMUNIDADES JUDÍAS DE ESPAÑA FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN RESPONSE TO SPAIN'S MOTION TO FILE AMICUS BRIEF**<br><br>Assigned to:<br>Hon. John F. Walter<br><br>Trial: March 30, 2026<br>Time: 1:30 p.m.<br>Courtroom: 7A |

**PLEASE TAKE NOTICE** that proposed Amici Curiae Comunidad de Judía de Madrid and Federación de Comunidades Judías de España (together "**Amici**") will, and hereby do, move this Court for an order granting leave to file the attached amici curiae brief.[1] This motion is based on this Notice, the supporting

---

[1] The proposed amicus curiae brief is attached as Exhibit A.

1 | Memorandum of Points and Authorities, the declaration of Patrick T. Byrne, the
2 | attached amici curiae brief, the record in this case, any additional papers which may
3 | be filed on this matter, and any paper or argument which the Court may deem
4 | appropriate. No hearing is requested in this motion.

5 |     Counsel for Plaintiffs have consented to the filing of this proposed amicus
6 | curiae brief. Declaration of Patrick T. Byrne, ¶ 2. Counsel for Amici contacted
7 | counsel for Defendant regarding Amici's motion. Counsel indicated that Defendant
8 | does not consent to the filing of the proposed amici curiae brief. *Id.*, ¶¶ 3-7.

10 | DATED: February 24, 2026

11 |     By: */s/ Patrick T. Byrne*
Patrick T. Byrne
B. CREMADES Y ASOCIADOS
Goya, 18, 2d Floor
28001 Madrid
Attorneys for Amici Curiae

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. INTEREST OF THE AMICI ........................................................................ 1

III. CONCLUSION ............................................................................................ 4

CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 ........................................ 5

EXHIBIT A – PROPOSED AMICUS CURIAE BRIEF ............................. 1:6, 4:10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

As this case centers on a piece of art stolen during the Holocaust, Amici, as members and leaders of the Jewish community in Spain, respectfully request leave of the Court to file the attached amici curiae brief in support of Plaintiffs David Cassirer, *et al.* (collectively the "**Plaintiffs**").[2]

## II.    INTEREST OF THE AMICI

Comunidad Judía de Madrid (in English, Jewish Community of Madrid) ("**CJM**") is the main Jewish institution of the Province of Madrid, Spain. CJM's main purposes are to facilitate and promote the development of Judaism in Madrid in order to guarantee its continuation, to maintain the traditional Jewish values, and to strengthen the Jewish community in a plural, open, and democratic context. Among its activities are to maintain and promote the memory of the Holocaust (Shoah), contribute to the reparation of the wrongs made to the victims of the Holocaust, and in general, resist anti-Semitism.

Federación de Comunidades Judías de España (in English, Federation of Jewish Communities of Spain) ("**FCJE**") is the organization that comprises most of the Jewish communities and other local Jewish organizations in Spain. The main mission of the FCJE is to officially represent the Spanish Jews and their local communities before national and international authorities. Among its activities are to maintain and promote the memory of the Holocaust (Shoah), contribute to the reparation of the wrongs made to the victims of the Holocaust, and in general, resist anti-Semitism.

The Preamble of Spanish Law 25/1992 refers to FCJE as the "representative entity" of all Jewish communities in Spain vis-à-vis the Spanish State, and Article

---

[2] Neither party nor their counsel, nor any person other than Amici, their members or counsel, provided any financial support for preparation and filing of this motion and amicus brief, or authored the brief in whole or in part.

1    13 of such Law provides that "[t]he State and [FJCE] shall cooperate in the
2    maintenance and promotion of the Jewish historic, artistic and cultural heritage. . .
3    ." D-E- 401-6 at 4.
4         Pursuant to Article 5 of Spanish Organic Law 7/1980, of July 5, religious
5    communities and their federations have legal personality if registered with the
6    Ministry of Justice of the Kingdom of Spain. Spanish Organic Law 7/1980, Article
7    5. D.E. 401-6 at 1. Both CJM and FCJE currently have legal personality.
8         At the core of the Amici's goals and objectives is to seek full reparation for
9    the wrongs and crimes committed against the victims of the Holocaust. This case
10    relates to the Plaintiffs' recovery of the painting "*Rue St. Honoré, après midi, effet
11    de pluie*" by Camille Pissarro (1897) (the "**Painting**"). This Court and the parties
12    agree that the Painting was looted by the Nazis from Lilly Cassirer Neubauer in
13    1939. D.E. 621 at 20.
14         Amici, as leaders of the Jewish Community in Spain, and more locally in
15    Madrid, are devoted to ensuring that redress is provided to victims of the Holocaust
16    and their ancestors. Defendant, as a leading publicly funded and managed art
17    institution in Spain, is in possession of an artistic work that was stolen by the Nazis.
18    Defendant's continuing possession of the Painting is therefore of great interest to
19    the citizens of Spain, and more particularly to the Jewish communities in Spain and
20    Madrid. Amici seek to give a voice to the Jewish community that is still recovering
21    from one of the largest genocides in history, and the effects of the crimes
22    committed during this period which linger to this day. Further harm and offense are
23    caused to the Jewish population of Spain when a publicly funded institution
24    publicly displays and claims rightful ownership over an artistic work looted by
25    Nazis during the Holocaust. Amici believe that Defendant is required to return the
26    Painting to its rightful owner.
27         Submission of amicus curiae briefs has been permitted in federal district
28    courts when the amicus is capable of providing "unique information or perspective"

on the case. *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also NGV Gaming, Ltd. V. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005) (internal citation omitted) (stating "[d]istrict courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'"). District courts in California have found that "[e]ven when a party is very well represented, an amicus may provide important assistance to the court.'"). *Jamul Action Comm. v. Stevens*, 2014 WL 3853148 at *6 (E.D. Cal. 2014) (citing *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, et al.*, 293 F.3d 128, 132 (3d Cir. 2002).

Amici, as organizations based in Spain, are aptly positioned to provide unique information and perspective to the actions and asserted interests of the Kingdom of Spain. Before the passage of California Assembly Bill 2867, Amici's brief filed in the U.S. Supreme Court addressed that the Ninth Circuit incorrectly gauged Spain's interest in having Spanish law apply to this case.[3] In light of the passage of Assembly Bill 2867, Amici can provide this Court further insight into Spain's interest in applying its legal regime in the context of California's choice-of-law rules.

In particular, Amici will contend that: (A) The Kingdom of Spain's status as amicus curiae is questionable; (B) Spain's proposed amicus curiae brief improperly purports to provide this Court with Spain's official interpretations of various Spanish laws in a manner that is not permitted under the Spanish legal system; (C) Spain's recent actions with respect to other looted artwork demonstrates that its interests are not impinged by the application of California substantive law; (D)

---

[3] Brief of Amici Curiae Comunidad de Judía de Madrid and Federación de Comunidades Judías de España, *Cassirer v. Thyssen-Bornemisza Collection Found.*, No 24-652 (U.S. filed Feb. 3, 2025).

3

return of the Painting is in line with Spain's numerous international commitments; and (E) Spain has no strong interest in applying Article 1955 of the Spanish Civil Code in this case. These issues may be crucial to the outcome in this case, and Amici, as organizations in Spain, are capable of providing the Court with useful, unique information in this regard.

Lastly, Amici's interest in this matter has already been established, being previously recognized by acceptance of amicus briefs this Court, the Ninth Circuit Court of Appeals (six times), and the U.S. Supreme Court (three times).

### III.  CONCLUSION

For these reasons, Amici move for leave to submit the attached brief in support of the Plaintiffs.

DATED: February 24, 2026            Respectfully submitted,


By: *s/ Patrick T. Byrne*
Patrick T. Byrne
B. CREMADES Y ASOCIADOS
Goya, 18, 2d Floor
28001 Madrid
Kingdom of Spain
Attorneys for Amici Curiae

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

    The undersigned, counsel of record for Amici Curiae Comunidad Judía de Madrid and Federación de Comunidades Judías de España, certifies that the Memorandum of Points and Authorities in Support of the Motion for Leave to File Brief of contains 1095 words, and the Brief of Amici Curiae Comunidad Judía de Madrid and Federación de Comunidades Judías de España contains 5264 words, which complies with the word count limit set forth in L.R. 11-6.1.

DATED: February 24, 2026        Respectfully submitted,


By: *s/ Patrick T. Byrne*
Patrick T. Byrne
B. CREMADES Y ASOCIADOS
Goya, 18, 2d Floor
28001 Madrid
Attorneys for Amici Curiae