Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile:  (213) 623-2000

Amelia L.B. Sargent (SBN 280243)
*asargent@larsonllp.com*
**LARSON LLP**
900 17th Street NW Suite 200
Washington, DC 20006
Telephone: (202) 795-4900
Facsimile:  (202) 795-4888

Attorneys for The Kingdom of Spain

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID CASSIRER, AVA CASSIRER. and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY, a California non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,<br><br>Defendant. | Case No. 2:05-cv-03459-JFW-E<br><br>Judge:  Hon. John F. Walter<br><br>**THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL BRIEF OF *AMICUS CURIAE* THE KINGDOM OF SPAIN IN FURTHER SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>(*Filed concurrently with Amicus Brief; Declaration of Amelia Sargent; [Proposed] Order*)<br><br>Date:    August 24, 2026<br>Time:    1:30 p.m.<br>Dept:    7A |

LARSON
LOS ANGELES

THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL *AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that proposed *Amicus Curiae* The Kingdom of Spain will, and hereby does, move for an order granting leave to file the attached supplemental *amicus curiae* brief, consisting of the official statement of the Kingdom of Spain on its interest in having its laws apply fairly to its own citizens and institutions, and the potential injury it will suffer if the Holocaust Expropriated Art Recovery Act of 2025 is found to apply and deprive the Thyssen-Bornemisza Collection Foundation of ownership of *Rue Saint-Honoré, après-midi, effet de pluie* by Camille Pissaro.  No hearing is requested in this motion.

This motion is based upon this Notice, the supporting Memorandum of Points and Authorities, the concurrently filed Declaration of Amelia L. B. Sargent, the attached supplemental *amicus curiae* brief, the Kingdom of Spain's pending Notice of Motion and Motion for Leave to File Brief of Amicus Curiae Kingdom of Spain in Support of Defendant Thyssen-Bornemisza Collection Foundation (Dkt. 689) and supporting papers thereto, any matters of which the Court may take judicial notice, the entire record on file in this action, and upon any other or further papers filed or arguments made in support of the motion.

Counsel for Spain reached out to Plaintiffs' counsel regarding this motion. Plaintiff' counsel indicated in responses that they have not yet decided whether they intend to oppose Spain's motion.  Declaration of Amelia L.B. Sargent, ¶ 2.

Dated:  July 20, 2026                              LARSON LLP


By:    ___/s/ Amelia L.B. Sargent___
          Stephen G. Larson
          Amelia L.B. Sargent
   Attorneys for The Kingdom of Spain

LARSON
LOS ANGELES

2
THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL *AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

I.     INTRODUCTION.......................................................................................... 1

II.    SPAIN HAS AN INTEREST IN WHETHER THE HEAR ACT MAY EFFECTIVELY REWRITE SPANISH LAW...................................................... 1

III.   THE COURT MAY AND SHOULD GRANT LEAVE BECAUSE IT SHOULD "CAREFULLY CONSIDER" SPAIN'S INTEREST .................... 2

IV.   CONCLUSION ............................................................................................ 3

CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 ......................................... 4

ATTACHMENT A - SUPPLEMENTAL BRIEF OF *AMICUS CURIAE* THE KINGDOM OF SPAIN IN FURTHER SUPPORT OF DEFENDANT THYSSEN-BORNEMISZA COLLECTION FOUNDATION'S MOTION FOR SUMMARY JUDGMENT...................................................... 1, 2

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Kingdom of Spain respectfully seeks leave to provide the Court with a supplemental statement regarding the injury its sovereign interests would suffer if the Holocaust Expropriation Recovery Act of 2025 (the "HEAR Act")[1] is applied to this proceeding.  Applying the HEAR Act now—after two decades of litigation—would destroy the vested property right the Thyssen-Bornemisza Collection Foundation (the "Foundation") has in the painting *Rue Saint-Honoré, après-midi, effet de pluie* by Camille Pissaro (the "Painting"), as recognized by this Court, by selectively nullifying substantive aspects of Spanish property law.

This Court previously granted leave for the Kingdom of Spain to file an *amicus* brief in this matter in 2018.  *See* Dkt. 455.  Spain also has a pending motion to file an initial *amicus* brief regarding California's AB 2867, Dkt. 689, to which the Plaintiffs filed a "Response to Spain's Motion to File Amicus Brief" in which they took "no position on whether Spain's Motion should be granted."  *See* Dkt. 724, p. 1.  For the same reasons as set forth in the pending motion, Spain respectfully requests leave to file this supplemental statement.  *See* Dkt. 689, pp. 2–4.

### II.    SPAIN HAS AN INTEREST IN WHETHER THE HEAR ACT MAY EFFECTIVELY REWRITE SPANISH LAW

As discussed in the attached supplemental *amicus* brief, in the pending *amicus* brief, and in the prior *amicus* briefs submitted to this Court and the Ninth Circuit,[2] Spain has an overwhelming interest in the fair and proper application of its law to the adjudication of ownership rights in the Painting.  Indeed, applying Spanish law, this Court previously held that the Foundation is the true owner of the Painting under well-settled principles of acquisitive prescription.  *See Cassirer v.*

---

[1] The HEAR Act is available at Public Law 119–82, April 13, 2026.

[2] *See* Attachment A; Dkt. 689-1–689-6.

THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL *AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LARSON
LOS ANGELES

*Thyssen-Bornemisza Collection Found.*, 2019 WL 13240413 (C.D. Cal. Apr. 30, 2019).  That was the correct application of Spanish law and the correct legal conclusion on the facts at issue.

After the Court's well-reasoned decision had been entered, however, the United States Congress enacted the HEAR Act.  That statute limits "the application of defenses based on the passage of time and other non-merits defenses to claims" involving artwork like the Painting.  *See* HEAR Act, preamble.  According to Congress, such defenses expressly include "adverse possession, acquisitive prescription, or usucapion."  *See id.* § 2(a)(1)(B).  In other words, even though Spanish law applies (as this Court and the Ninth Circuit have held), the HEAR Act purports to retroactively divest the Foundation of the Painting by precluding the application of the substantive, statutory Spanish-law doctrine of acquisitive prescription.

The Kingdom of Spain's Ministry of Culture and Ministry of the Presidency, Justice, and Court Relations have drafted a statement appended as an exhibit to the attached *amicus* brief explaining that the HEAR Act is improper in that it effectively seeks to rewrite numerous sources of Spanish law establishing acquisitive prescription as a doctrine affirmatively establishing a substantive property right, not a time-based defense.  Given Spain's undeniable interest in governing the property rights of its own people, and its reasonable expectation that Spanish law should be applied fairly and properly under well-settled Spanish norms (and not the political preferences of the United States Congress), Spain respectfully requests that the Court grant leave for the submission of the attached brief.  *See* Attachment A.

## III.  <u>THE COURT MAY AND SHOULD GRANT LEAVE BECAUSE IT SHOULD "CAREFULLY CONSIDER" SPAIN'S INTEREST</u>

As recognized by the United States Supreme Court, "[f]ederal courts deciding questions of foreign law under Rule 44.1 are sometimes provided with the views of the relevant foreign government" through an *amicus* brief.  *Animal Science*

2

LARSON
LOS ANGELES

THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL *AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Products, Inc. v. Hebei Welcome Pharmaceutical Co. Ltd.*, 585 U.S. 33, 42–43 (2018) (federal courts accord "respectful consideration" to a foreign government's submission regarding interpretation of its own laws); *see also* Fed. R. Civ. Proc. 44.1 (in determining foreign law, the court may consider "any relevant material or source").  It is therefore appropriate and proper to grant leave here.  *See also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved . . . .").

## IV.    CONCLUSION

For the foregoing reasons, the Kingdom of Spain respectfully requests the Court grant leave to file the attached *amicus* brief and accord it the appropriate weight under principles of international comity and the guidance of the U.S. Supreme Court.

Dated:  July 20, 2026                         LARSON LLP


                                              By:    /s/ Amelia L.B. Sargent
                                                  Stephen G. Larson
                                                  Amelia L.B. Sargent
                                              Attorneys for The Kingdom of Spain

LARSON
LOS ANGELES

3

THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL *AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for The Kingdom of Spain, certifies that this brief contains 751 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 20, 2026                    LARSON LLP


By:    */s/ Amelia L.B. Sargent*
          Stephen G. Larson
          Amelia L.B. Sargent
      Attorneys for The Kingdom of Spain

LARSON
LOS ANGELES

4

THE KINGDOM OF SPAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLMENTAL
*AMICUS* BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT