BRETT A. SHUMATE
Assistant Attorney General
ALEXANDER K. HAAS
Director
Federal Programs Branch
JOSEPH E. BORSON
Assistant Director
Federal Programs Branch
JOSHUA N. SCHOPF
(DC. Bar No. 465553)
joshua.n.schopf@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 514-6314

Attorneys for United States of America

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DAVID CASSIRER, AVA CASSIRER, and UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain<br><br>Defendant. | No. 05-cv-03459-JFW (Ex)<br><br>*EX PARTE* APPLICATION TO EXTEND THE TIME FOR THE UNITED STATES TO INTERVENE UNDER RULE 5.1(c)<br><br>[Proposed Order and Declaration of Joshua N. Schopf filed concurrently]<br><br>NO HEARING DATE REQUESTED<br><br>Honorable John F. Walter<br>United States District Judge |

1

## *EX PARTE* APPLICATION

Under Local Rule 7-19, the United States of America ("United States"), by and through undersigned counsel, apply *ex parte* for an order extending the time for the United States to intervene under Fed.R.Civ.P. 5.1(c) by 31 days, up to and including Monday, September 21, 2026.  A proposed order has been concurrently lodged with the Court.

The Court rejected the United States' first request for an extension, in which the United States asked for until October 6, 2026 to intervene in this action.  The Court gave the United States only until August 14, 2026. Dkt. No. 768.  But the interests of justice require additional time, both because the Attorney General was not served with the Notice of Constitutional Challenge until June 22, 2026 and because the specific office responsible for responding to Defendant's Notice did not learn about the Notice until late July, 2026.

These and other reasons for the requested extension are detailed in the attached declaration of Joshua N. Schopf and in the memorandum provided in support of this application.

Notice of this *ex parte* application was provided to all parties, as set forth below and in the attached declaration of counsel.

**Urgency:**  This order is sought by means of an *ex parte* application because there is insufficient time to file a noticed motion.

2

**Notice:** The United States conferred orally with the parties to this action on August 13, 2026. Plaintiffs and Intervenor Plaintiff consent to this application. Defendant does not consent but defers to the discretion of the Court and does not plan on filing in opposition unless ordered to do so by the Court. Plaintiffs are represented by Samuel J. Dubbin of Dubbin and Kravetz LLP, (sdubbin@dubbinkravetz.com), 1200 Anastasia Avenue, Suite 300, Coral Gables, FL 33134 (ph: 305-371-4700) and David A. Barrett of Boies Schiller Flexner LLP (dbarrett@bsfllp.com ), 55 Hudson Yards, New York, NY 10001 (ph: 212-446-2300); Defendants are represented by Thaddeus J Stauber (tstauber@nixonpeabody.com), Aaron M. Brian (abrian@nixonpeabody.com), and Zachary C. Osinski (zosinski@nixonpeabody.com) of Nixon Peabody LLP, 300 South Grand Avenue, Suite 4100, Los Angeles, CA 90071, (ph: 213 629-6000); Intervenor Plaintiff Rob Bonta is represented by Carolyn F Downs (carolyn.downs@doj.ca.gov), California Department of Justice, 300 S. Spring Street, Suite 1702, Los Angeles, CA 90013, (ph: 213-269-6720).

Dated: August 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
(DC Bar No. 465553)
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:  (202) 514-6314
joshua.n.schopf@usdoj.gov

*Counsel for the United States of America*

4

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    The Court Should Exercise Its Discretion To Grant The Requested Extensions of Time**

Under Fed.R.Civ.P. 6(b), this Court has the discretion to enlarge periods of time established by the Rules or by a prior court order.  *See, e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3rd 576, 583 (1st Cir. 1994) (the trial court has discretion to grant or deny a request for enlarged time to respond).  The courts are liberal in granting requests for enlargement of time when good cause for such enlargement is apparent.  *See, e.g.*, 1 Moore's Federal Practice, §6.06[1] et. seq. (Matthew Bender, 3rd Ed.).

**B.    Good Cause Exists For Granting The Instant Application**

As indicated in the attached declaration, good cause exists for the granting of the instant application.  *See* Declaration of Joshua Schopf ("Schopf Dec.") attached hereto and incorporated herein.  The United States requests an extension of time by which to intervene in order to address the challenge to the constitutionality of the Holocaust Expropriated Art Recovery Act, as amended in 2025, *see* Pub. L. No. 119-82 & 22 U.S.C. § 2261 (the "HEAR Act").  Defendant Thyssen-Bornemisza Collection Foundation filed a Notice of Constitutional Challenge on June 15, 2026 ("Rule 5.1 Notice").  *See* ECF No. 755.

However, the United States, through the Attorney General, was not served this Rule 5.1 Notice until June 22, 2026.  *See* Fed.R.Civ.P. 5.1(a)(2) (movant must "serve the notice and paper on the Attorney General of the United States if a federal statute is questioned…."), and the responsible office within the Department of Justice's Civil

Division, the Federal Programs branch, received no notice until late July 2026. *See* Exhibit 1 attached (indicating June 22, 2026 service on the Attorney General; Schopf Dec. ¶ 7. As the United States was not served until June 22, 2026, the United States should have at least until August 21, 2026 to intervene under Fed.R.Civ.P. 5.1(c). Further, while the Department of Justice has a record of service on June 22, the Civil Division has no record of the Rule 5.1 notice in our information systems. *See* Exhibit 2 attached. This helps explain why the Rule 5.1 Notice did not come to the attention of the responsible office within the Department of Justice's Civil Division, the Federal Programs branch, until late July 2026. Schopf Dec. ¶ 7.

On August 7, 2026, the United States filed an Acknowledgment of Constitutional Participation and Notice of Potential Participation, in which the United States asked for sixty days from the date of the acknowledgment and notice to intervene, or October 6, 2026. Dkt. No. 766. The Court denied this request on August 10, 2026, and gave the United States only until August 14, 2026 by which to intervene (even though the United States was not served until June 22, 2026). Dkt. No. 768. But a few days is not nearly enough time for the United States to adequately comply with the relevant procedures required by law for an intervention, as discussed below.

The United States now seeks a thirty-one (31) day extension of time from August 21, 2026 (sixty days from when the Attorney General was served) until September 21, 2026 to intervene in this matter. Counsel for the United States respectfully advises the Court that, consistent with its usual approach, the United States remains in the process of

deciding whether to intervene in this action pursuant to Section 2304(a).  The Solicitor General must approve such an intervention by the United States, *see* 28 C.F.R. § 0.21. ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress").  Counsel for the United States also requires some additional time to familiarize themselves with the issues raised by the parties and because, among other things and as discussed, the Rule 5.1(c) Notice only came to the attention of the responsible office within the Department of Justice, the Federal Programs branch, in late July 2026.  Schopf Dec. ¶ 7.

The additional time will allow counsel for the United States to properly follow the legal requirements needed to obtain the internal Department of Justice approvals necessary for the United States to intervene and to properly evaluate and respond to the challenge to the HEAR Act's constitutionality.  *Id.* ¶ 8.

Further, the challenge to the HEAR Act's constitutionality raises important and complex legal issues.  Allowing an appropriate amount of time for the United States to adequately develop arguments in response to this challenge, as contemplated by the FRCP, will benefit both the Court and the parties.  *Id.* ¶ 9.  Possibly for these reasons, two other district courts with similar disputes have already granted the United States until October 6, 2026 as the deadline by which to intervene.  *See De Csepel v. Republic of Hungary*, 10-cv-01261 (JDB), August 12, 2026 Minute Order (D.D.C.); *Reif v. Republic of Austria*, 22-cv-10625 (JGK), ECF No. 197 (S.D.N.Y. August 10, 2026).

This is the United States' second request to extend the time to intervene.  Schopf Dec. ¶ 11.  This request for extension of time is made in good faith and is not intended to interpose unnecessary delay in this action.  *Id.* ¶ 10.  It is not anticipated, nor is it intended, that the requested extension will prejudice the Parties in any way.  *Id.*

Accordingly, it is respectfully requested that this Court grant the *ex parte* application and extend the time for the United States to intervene under FRCP 5.1(c).

Dated: August 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
(DC Bar No. 465553)
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:  (202) 514-6314
joshua.n.schopf@usdoj.gov

*Counsel for the United States of America*

8