**BOIES SCHILLER FLEXNER LLP**
Daniel G. Boyle (Bar No. 332518)
dboyle@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

David A. Barrett (admitted *pro hac vice*)
dbarrett@bsfllp.com
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

**KENDALL BRILL & KELLY LLP**
Laura W. Brill (Bar No. 195889)
lbrill@kbkfirm.com
Jeffrey M. Chemerinsky (Bar No. 270756)
jchemerinsky@kbkfirm.com
10100 Santa Monica Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

[Additional counsel on signature page]
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DAVID CASSIRER, *et al.*,

Plaintiffs,

v.

THYSSEN-BORNEMISZA COLLECTION FOUNDATION, an agency or instrumentality of the Kingdom of Spain,

Defendant.

Case No. 2:05-cv-05-03459-JFW (Ex)

**PLAINTIFFS' RESPONSE TO THE UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION ADDRESSING THE HEAR ACT OF 2025**

Hearing Date: October 26, 2026
Time: 1:30 p.m.
Courtroom: 7A

Judge: Honorable John F. Walter

Plaintiffs David Cassirer, *et al*. ("Plaintiffs" or "Cassirers"), pursuant to this Court's Order of August 20, 2026 (D.E. 773), file this response to the United States Government's Notice of Intervention and Memorandum of Law in Intervention (D.E. 789). The Holocaust Expropriated Art Recovery Act of 2025 ("2025 HEAR Act" or "Act"), as relevant to this case, provides that art thefts due to Nazi persecution are considered violations of international law for purposes of FSIA jurisdiction, regardless of the victim's citizenship or nationality. Act § 5(b). It also eliminates acquisitive prescription as a defense in Nazi-looted art cases. Act §5(f)(1). Congress expressly provided that the law is applicable to pending cases. Act §5(d)(1).[1]

The 2025 HEAR Act conclusively precludes Defendant TBC's arguments in opposition to Plaintiffs' Motion for Summary Judgment. *See* D.E. 753; D.E. 758; D.E. 762 (Plaintiffs' Briefs). Furthermore, because Spain's claim of title to the Painting rests entirely on the application of Spanish law, that claim also is foreclosed by California's enactment of CCP §338(c)(6) as part of A.B. 2867, which requires application of California substantive law to this case. *See* D.E. 682; D.E. 692; and D.E. 694. Under California law, "the Cassirers, as successors to Lilly Neubauer and Claude Cassirer would have title" to the Painting. *Cassirer v. Thyssen-Bornemisza Collection Foundation* 89 F.4th 1226, 1229 n.3 (9th Cir. 2024) ("*Cassirer VII*").

Defendant TBC (and Spain as amicus curiae) challenge the constitutionality and applicability of the 2025 HEAR Act on three major grounds: due process, separation of powers, and the presumption against extraterritorial application of U.S. statutes. *See*

[1] There are three other pending federal cases in which the 2025 HEAR Act is being challenged by the defendants. The U.S. Government has intervened in support of the constitutionality and applicability of the Act in *de Csepel v. Republic of Hungary*, Case No. 10-cv-01261-JDB (D.D.C.), D.E. 261 (brief in intervention filed October 6, 2026). The Government has been granted until October 20, 2026, to intervene in *Silver v. Basil and Elise Goulandris Foundation*, Case No. 25-CV-08914-VSB-JW (S.D.N.Y.), D.E. 91; and *Reif v. Republic of Austria*, Case No. 22-CV-10625-JGK (S.D.N.Y.), D.E. 215.

D.E. 752; D.E. 757; D.E. 760. The Government's Memorandum of Law thoroughly refutes TBC's major arguments, in terms largely mirroring Plaintiffs' arguments in support of application of the 2025 HEAR Act. Because the Government's arguments are entirely consistent with Plaintiffs' arguments, we do not repeat them here, and respectfully refer the Court to Plaintiffs' prior briefing.

On the merits of Plaintiffs' Motion for Summary Judgment, D.E. 682, TBC has never addressed, let alone refuted, Plaintiffs' showing in their opening brief that they have proven all of the elements of each of the four causes of action alleged in the Complaint: (i) Declaratory judgment that Plaintiffs are the owners of the Painting; (ii) Imposition of a constructive trust over the Painting; (iii) Recovery of possession of personal property; and (iv) Conversion. *See* D.E. 682 at 11–17.

Every day that TBC retains the Painting, knowing it was stolen by the Nazis, "perpetuat[es] the harms caused by Nazis during World War II." *Cassirer v. Thyssen-Bornemisza Collection Foundation* 107 F.4th 882, 884 (9th Cir. 2024) ("*Cassirer VIII*") (dissenting statement of Judge Graber); *see* D.E. 753 at 4 (quoting remarks of HEAR Act sponsor Sen. Cruz). In its 2019 decision, this Court concluded that it could not "force the Kingdom of Spain or TBC to comply with its moral commitments" under multiple international agreements. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 2019 WL 13240413, at *26 (C.D. Cal. Apr. 30, 2019). With enactment of the 2025 HEAR Act and A.B. 2867, Congress and the California Legislature have expressly aligned the law with widely acknowledged moral principles concerning the Holocaust.

There is no dispute about the facts. As this Court found, Lilly Cassirer owned Camille Pissarro's *Rue St. Honoré, Afternoon, Rain Effect*, and it was looted from her by the Nazis in 1939. *Id*. at *2. Claude Cassirer finally discovered the Painting at TBC in the waning days of the twentieth century. *Id.* at *15. It has taken over a quarter century longer to overcome the obstacles that Spain and TBC have repeatedly raised. As the Government's brief again demonstrates, United States laws, policies, and

international agreements have for decades provided that artworks stolen from Jewish families in the Holocaust should be returned to the rightful owners or their heirs. In the 2025 HEAR Act, Congress eliminated any conceivable doubt that these policies must be applied by the courts.

With the controlling legal framework now indisputably clear, the Cassirers respectfully urge the Court to grant their motion for summary judgment, and order TBC to return *Rue St. Honoré* without further delay.

Dated: October 16, 2026

Respectfully submitted,

**KENDALL BRILL & KELLY LLP**

By: /s/ *Jeffrey M. Chemerinsky*

Laura W. Brill (Bar No. 195889)
Jeffrey M. Chemerinsky (Bar No. 270756)
10100 Santa Monica Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

**BOIES SCHILLER FLEXNER LLP**
Daniel G. Boyle (Bar No. 332518)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

David A. Barrett (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Stephen N. Zack (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Scott E. Gant
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

**DUBBIN & KRAVETZ, LLP**
Samuel J. Dubbin (admitted *pro hac vice*)
1200 Anastasia Avenue, Suite 300
Coral Gables, FL 33134
Telephone: (305) 371-4700
Facsimile: (305) 371-4701

*Attorneys for Plaintiffs*
DAVID CASSIRER, *et al.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3 pages, which complies with the 30-page limit set by court order dated April 29, 2026 (D.E. 743).

Dated: October 16, 2026

By: /s/ *Jeffrey M. Chemerinsky*

Jeffrey M. Chemerinsky (Bar No. 270756)
*Attorney for Plaintiffs*